[No. A127746. First Dist., Div. Four. Feb. 1, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN BREWER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.A., III.A.1., III.A.2., and III.B.

**COUNSEL**

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Alisha M. Carlile, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RUVOLO, P. J.—**

## I. INTRODUCTION

Appellant, who represented himself at trial, was convicted of continuous sexual abuse of a child and aggravated sexual assault on a child. He contends that the trial court erred in denying his belated motion for appointment of counsel, and in refusing to allow him to impeach the victim with the fact that she had made a prior unsustained allegation that she had been sexually molested. In the unpublished portion of this opinion, we reject these contentions, and affirm the conviction.

Appellant also contends that he was entitled to presentence conduct credit. In the published portion of this opinion, we conclude that appellant is correct that he was entitled to such credit, even though he was sentenced to an indeterminate prison term with a maximum of life. Accordingly, we modify the judgment to reflect the additional credit.

## II. Facts and Procedural Background

### A. Facts*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. Proceedings in the Trial Court

A complaint was filed against appellant on March 14, 2008. After a preliminary hearing on December 17, 2008, appellant was charged on December 30, 2008, with one count of continuous sexual abuse of a child under the age of 14 (Pen. Code § 288.5, subd. (a)),[3] alleged to have occurred between January 19, 1996, and January 18, 2002, and one count of aggravated sexual assault on a child under the age of 14 (§ 269, subd. (a)(1)), alleged to have occurred between January 19, 2002, and January 18, 2004. The information alleged that appellant had one prior serious felony conviction qualifying as a "strike" (§ 667, subds. (b)–(i)), as well as seven other prior convictions, and that appellant had served four prior prison terms (§ 667.5, subd. (b)). The jury found appellant guilty on both counts.

Appellant admitted the prior strike, two additional serious felony convictions, and two of the prior prison terms. He was sentenced to a total of 61 years to life in prison, and given credit for 702 actual days of presentence custody, but no presentence conduct credit. This timely appeal ensued.

## III. Discussion

### A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. Denial of Presentence Conduct Credit

Appellant was given custody credit only for the actual number of days he spent in custody before he was sentenced. He argues that he should also have received the additional credit provided for under section 4019, which is

---

*See footnote, *ante*, page 457.

[3] All further statutory references are to the Penal Code unless otherwise noted.

generally referred to as presentence conduct credit. The trial judge did not give appellant presentence conduct credit because he believed it was not available to anyone sentenced to an indeterminate term with a maximum of life in prison (an indeterminate life sentence). Appellant contends this was error.

■ This argument raises an issue of statutory interpretation. Accordingly, we review it de novo as a question of law, and begin with the text of the relevant statutes. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; *Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 800 [91 Cal.Rptr.3d 452]; *People v. Schoppe-Rico* (2006) 140 Cal.App.4th 1370, 1379 [44 Cal.Rptr.3d 896].) "Section 4019 is the general statute governing credit for presentence custody. Absent contrary authority, 'a defendant receives what are commonly known as conduct credits toward his term of imprisonment for good behavior and willingness to work during time served prior to commencement of sentence. [Citations.]' [Citation.]" (*People v. Philpot* (2004) 122 Cal.App.4th 893, 907 [19 Cal.Rptr.3d 280] (*Philpot*).) The portions of section 4019 applicable in this case[5] provide that "[w]hen a prisoner is confined in a county jail . . . following arrest and prior to the imposition of sentence for a felony conviction" (§ 4019, subd. (a)(4)), then "for each six-day period in which a prisoner is confined in . . . a facility as specified in this section, one day shall be deducted from his or her period of confinement unless . . . the prisoner has refused to satisfactorily perform labor as assigned . . . ," and an additional "day shall be deducted . . . unless . . . the prisoner has not satisfactorily complied with the reasonable rules and regulations" applicable to the facility. (§ 4019, subds. (b), (c) [quoted provisions applicable to certain prisoners, including those convicted of continuous sexual abuse of a child]; accord, former § 4019, subds. (b), (c) [quoted provisions applicable to all prisoners].)

---

[5] Section 4019 was amended in 2009, effective January 25, 2010 (the 2010 version), to increase the formula for awarding presentence conduct credits to some prisoners. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.) The Supreme Court has granted review to resolve a split in authority over whether the 2010 version of section 4019 applies to defendants whose cases were still pending on appeal on the statute's effective date. (See, e.g., *People v. Brown* (2010) 182 Cal.App.4th 1354 [107 Cal.Rptr.3d 286], review granted June 9, 2010, S181963; *People v. Rodriguez* (2010) 183 Cal.App.4th 1 [107 Cal.Rptr.3d 460], review granted June 9, 2010, S181808.) Section 4019 was amended again, effective September 28, 2010 (the 2011 version). (Stats. 2010, ch. 426, § 2.) The present case is not affected by either set of amendments, however. Given the nature of appellant's crime, he is ineligible for the additional conduct credit granted by the 2010 version, both by virtue of section 2933.1, and under the 2010 version of section 4019 itself. (Compare former § 4019, subds. (b), (c), with the 2010 version of § 4019, subds. (b)(2), (c)(2).) Accordingly, our discussion does not draw any distinction among the 2011, 2010, and former versions of section 4019.

■ Section 2933.1, subdivision (c), operates as an exception to section 4019. It provides, in pertinent part, that "[n]otwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." The "person[s] specified in [section 2933.1,] subdivision (a)" include "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 . . . ." (§ 2933.1, subd. (a).) The offenses listed in subdivision (c) of section 667.5 include one of the offenses of which appellant was convicted, that is, continuous sexual abuse of a child in violation of section 288.5. (See § 667.5, subd. (c)(16).) Thus, as appellant concedes, if he is entitled to presentence conduct credit, it is limited to 15 percent of his actual days in custody.

Notably, neither section 2933.1 nor section 4019 contains any express provision making defendants ineligible for presentence conduct credit if they receive an indeterminate life sentence. If anything, section 2933.1 implicitly provides to the contrary, because it puts a limitation on the presentence conduct credit available to persons convicted of any of the offenses characterized as violent felonies by section 667.5, subdivision (c), several of which carry mandatory indeterminate life sentences.[6] If defendants who receive indeterminate life sentences were thereby ineligible for any presentence conduct credit, there would be no need for a statutory provision limiting the amount of such credit available to those defendants.

■ As section 4019 on its face grants presentence conduct credit to all defendants, and neither that statute nor any other creates an exception applicable to all defendants sentenced to indeterminate life sentences, the court in *Philpot, supra,* 122 Cal.App.4th 893, held that a defendant sentenced to an indeterminate life sentence under the three strikes law is eligible for conduct credit.[7] More than four years later, the Legislature amended section

---

[6] For example, the violent felonies defined by section 667.5 include violations of section 12308 and section 12310, subdivision (b), which mandate life sentences for explosion of a destructive device either with intent to commit murder or causing mayhem or great bodily injury. (See § 667.5, subd. (b)(13).)

[7] In *People v. Duff* (2010) 50 Cal.4th 787 [114 Cal.Rptr.3d 233, 237 P.3d 558], the California Supreme Court cited *Philpot,* with apparent approval, for the general proposition that "[t]he circumstance that a defendant is sentenced to an indeterminate sentence does not preclude the earning of presentence conduct credit. [Citations.]" (*Id.* at p. 793.) The quoted statement was dictum, however, because the holding in *People v. Duff* was that the defendant was ineligible for conduct credit under a separate statute denying conduct credit to persons convicted of murder (§ 2933.2, subd. (c)), even though his murder conviction had been stayed under section 654. (50 Cal.4th at p. 795.)

4019 to increase the number of days of presentence conduct credit available to some prisoners. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.) In so doing, however, the Legislature left untouched the interpretation of the statutory scheme adopted in *Philpot, supra,* 122 Cal.App.4th 893. (See § 4019 (2010 version), subds. (b), (c), as amended eff. Jan. 25, 2010.) Moreover, the Legislature included in the amendment a provision making persons convicted of certain crimes (including certain violent felonies, which, as noted *ante,* carry mandatory indeterminate life sentences) ineligible for the *increased* conduct credit, but *retaining* their eligibility for the lower, preamendment amount of such credit. (See § 4019 (2010 version), subds. (b)(2), (c)(2), as amended eff. Jan. 25, 2010.) ■ If a statute is amended after being construed in a published judicial opinion, and the Legislature does not modify the statute so as to invalidate the court's interpretation, we may assume that the prior judicial interpretation comported with the legislative intent. (*People v. Garcia* (2006) 39 Cal.4th 1070, 1087–1088 [48 Cal.Rptr.3d 75, 141 P.3d 197].)

Respondent attempts to distinguish *Philpot, supra,* 122 Cal.App.4th 893, by pointing out that in that case, the defendant was serving an indeterminate life sentence under the three strikes law (122 Cal.App.4th at p. 907), whereas here, appellant's indeterminate life sentence was imposed under section 269, subdivision (a)(1), which mandates a sentence of 15 years to life for the rape of a child who is under the age of 14 and seven or more years younger than the assailant. Respondent provides no authority or analysis, however, to support the contention that this distinction makes a difference for the purposes of the present case.

Respondent also cites *In re Monigold* (1983) 139 Cal.App.3d 485 [188 Cal.Rptr. 698] and *People v. Rowland* (1982) 134 Cal.App.3d 1 [184 Cal.Rptr. 346] for the proposition that defendants who receive indeterminate life sentences are not entitled to presentence conduct credit. Neither of these cases changes our analysis.

*In re Monigold, supra,* 139 Cal.App.3d 485, involved a state prisoner who was serving an indeterminate life sentence for second degree murder, plus a determinate two-year enhancement for firearm use in connection with the same murder. (*Id.* at pp. 487–488.) The Department of Corrections denied the prisoner's request for conduct credit against the enhancement term, opining that he was ineligible for conduct credit because the applicable statute—section 2931, subdivision (a)[8]—allowed conduct credit only for

---

[8] By its own terms, section 2931 is inapplicable to persons, including appellant, whose crimes were committed after January 1, 1983. (§ 2931, subd. (d).)

prisoners serving determinate terms. The Court of Appeal disagreed, holding that the prisoner was entitled to conduct credit against his enhancement term, even though the determinate sentence for the enhancement was imposed based on the same underlying crime as the indeterminate sentence. (*In re Monigold, supra,* at pp. 492–493.)

*People v. Rowland, supra,* 134 Cal.App.3d 1 involved a defendant convicted of murder. On appeal, the defendant contended he was entitled to presentence conduct credit. The Court of Appeal noted that "[i]t is true that a person sentenced to prison for life is not entitled to conduct credits," citing section 3046. Nonetheless, the court agreed with the defendant, because the statute under which he was convicted—i.e., "section 190, as enacted by the people in Proposition 7 at the November 1978 General Election" (134 Cal.App.3d at p. 13)—expressly provided that conduct credit would apply to reduce the minimum term of a person sentenced under that statute (*id.* at pp. 13–14).

Thus, both *In re Monigold, supra,* 139 Cal.App.3d 485, and *People v. Rowland, supra,* 134 Cal.App.3d 1 involved different statutes governing conduct credit than the one involved in the present case. Therefore, any statement in those opinions that persons serving indeterminate life sentences are not entitled to conduct credit is entirely inapposite to the construction of section 4019, which—unlike the statutes involved in *In re Monigold* and *People v. Rowland*—is not subject to *any* express statutory exception making it inapplicable to those serving indeterminate life sentences, and which—as amended effective January 25, 2010—*does* contain express provisions limiting the *amount* of presentence conduct credits available to those convicted of specified crimes, including some that carry mandatory indeterminate life sentences.

In short, respondent has not persuaded us that the interpretation of section 4019 in *Philpot, supra,* 122 Cal.App.4th 893 does not apply equally to appellant. Accordingly, appellant is entitled to section 4019 presentence conduct credits. As the *Philpot* court explained, after appellant has served the minimum term of his indeterminate life sentence, the Board of Parole Hearings may use appellant's section 4019 credits in determining appellant's release date. (See *Philpot, supra,* at p. 909.)

## IV. DISPOSITION

The judgment is modified to reflect that appellant has 807 days of presentence custody credit, consisting of 702 days in actual custody and 105

days of conduct credit. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

Sepulveda, J., and Rivera, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 11, 2011, S190495.