Filed 2/7/14  P. v. Vang CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073662 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF10263) |
| v. | |
| CHONG VANG, | |
| Defendant and Appellant. | |

Defendant Chong Vang entered a negotiated plea of no contest to one count of rape of a child under the age of 14 where he was more than seven years older than the victim (Pen. Code, § 269, subd. (a)(1)),[1] admitted his ineligibility for probation by virtue of this offense (§ 1203.065, subd. (a)), and was sentenced to prison for a period of 15 years to life.  At sentencing, the trial court (as relevant to this appeal) imposed a fine of

---

[1] Undesignated statutory references are to the Penal Code.

1

$1,140 pursuant to section 290.3 and, although the court determined defendant had accrued actual custody time credits of 936 days, it awarded defendant no conduct credits.

On appeal, defendant contends the trial court erred in imposing a section 290.3 fine greater than $200, the amount of the fine authorized by that section at the time the offense was committed. Defendant also contends the court erred in calculating his custody credits because (1) he is entitled to credit for 938, not 936, actual days spent in custody, and (2) he is entitled to 15 percent conduct credits pursuant to section 2933.1. The People concede both claims of error and we agree defendant is entitled to the relief he seeks.

Under ex post facto principles, the assessable amount of a section 290.3 fine is calculated as of the date of the offense. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) Defendant's offense was committed between October 14, 1994, and October 13, 1995. The section 290.3 fine must be reduced to $200, the amount authorized by that section at the time of the offense. (Stats. 1994, ch. 867, § 3.5.)

The parties agree defendant is entitled to two additional days' credit for actual time spent in custody, for a total of 938; they are correct. Defendant is also entitled to conduct credits for 15 percent of the actual period of confinement (see *People v. Brewer* (2011) 192 Cal.App.4th 457, 460-464; §§ 2933.1, 667.5, subd. (c)(3)), calculated for the period he was deemed competent to stand trial (see *People v. Bryant* (2009) 174 Cal.App.4th 175, 184) -- a total of 128 days in this case.

## DISPOSITION

The judgment is modified to (1) reduce the fine imposed pursuant to Penal Code section 290.3 from $1,140 to $200, and (2) award defendant 128 days of presentence conduct credit in addition to 938 days of presentence credit for time actually served. As so modified, the judgment is affirmed. The trial court is directed to prepare and forward an amended abstract of judgment reflecting the modification and to forward a certified

2

copy of the correct abstract of judgment to the Department of Corrections and Rehabilitation.

           HULL           , J.


We concur:


      NICHOLSON      , Acting P. J.


        HOCH           , J.