Filed 10/31/14  P. v. Merino CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSE FRANCISCO MERINO,<br><br>  Defendant and Appellant. | B251819<br><br>(Los Angeles County<br>Super. Ct. No. BA391465) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed as modified with directions.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Jose Merino (appellant) appeals the judgment following a court trial in which he was convicted of two counts of committing a lewd act upon a child under the age of 14 years and 10 years younger than he (Pen. Code, § 288, subd. (a); counts 1 & 4) and one count of sexual penetration of a victim under the age of 14 years and 10 years younger than he (Pen. Code, § 289, subd. (j); count 3).[1]  In a court trial, appellant admitted in case No. LA055010, he had two alleged prior convictions of a serious felony, first degree burglary and lewd conduct with a child under the age of 14, which qualified him for five-year enhancements (§ 667, subd. (a)(1)), for enhanced terms pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), for enhanced terms pursuant to the One Strike law with respect to counts 1 and 4 (§ 667.61, subds. (a), (c)(4) & (d)(1)), and for a finding he is a habitual sexual offender (§ 667.71, subds (a), (b) & (c)(4)).

At sentencing, the trial court exercised its discretion to strike one allegation of a prior serious felony conviction, the first degree burglary, for purposes of sentencing appellant pursuant to section 667, subdivision (a)(1), and under the Three Strikes law. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)  Pursuant to section 667.71, the trial court imposed doubled, concurrent terms of 25 years to life as to all three convictions, or 50 years to life.  It further enhanced the 50-year-to-life term by five years for the prior serious felony conviction, making the aggregate term in state prison 55 years to life.

## BACKGROUND

Appellant, age 26, was on parole for an offense of lewd conduct with a child under the age of 14, having previously had sexual intercourse with another underage female, one of his cousins.  While on parole after his previous conviction, he met a 13-year-old female Hesperia teenager, E., through family while she was in Los Angeles.  E. initiated contact with appellant.  After an exchange of telephone calls and texting, appellant

---

[1]     All further references to code sections are to the Penal Code unless otherwise designated.

picked E. up in Hesperia and drove her to a Los Angeles motel. There, over two nights, he engaged in consensual kissing with her, digital vaginal penetration, and oral copulation. He then drove her home to Hesperia.

## DISCUSSION

Appellant raises one contention. He complains the trial court failed to award him appropriate presentence credits against his term of imprisonment. The contention, as the Attorney General concedes, has merit.

At sentencing on September 10, 2013, the trial court inquired whether trial counsel had computed appellant's entitlement to presentence credit pursuant to sections 2900.5 and 4019. The court clerk told the trial court that appellant's date of arrest was November 22, 2011. Trial counsel claimed appellant was entitled to 656 days of presentence confinement credit.

The trial court inquired about conduct credits. The prosecutor objected to the award of conduct credits claiming appellant was not entitled to such credits against an indeterminate term of imprisonment. The trial court replied, "What about the five-year prior enhancement that's been added? Isn't that a determinate term?" The prosecutor replied that when the trial court imposes an indeterminate base term, an accompanying section 667, subdivision (a)(1), enhancement is also treated as indeterminate.

The trial court told the parties it was not imposing conduct credit over the prosecutor's objection. However, in the event an appellate court later granted appellant conduct credit, it found appellant was entitled to 98 days of conduct credit.

The trial court awarded appellant the requested 656 days of actual presentence confinement credit and no conduct credit.

The parties agree, as do we, appellant was entitled to presentence credit for his actual days of presentencing incarceration, as well as to conduct credits pursuant to section 2933.1, subdivision (c), for a violent felony at a rate of 15 percent of his presentence confinement. (*People v. Brewer* (2011) 192 Cal.App.4th 457, 462; see also *People v. Duff* (2010) 50 Cal.4th 787, 793-794 [in dicta, the court stated, "The circumstance that a defendant is sentenced to an indeterminate sentence does not preclude

3

the earning of presentence conduct credit," and "Subdivision (c) of section 2933.1 . . . imposes a similar restriction on the presentence conduct credit that may be earned by persons who are convicted of specified violent offenses."].)

The Attorney General raises another issue on appeal concerning the award of presentence credits. The Attorney General points out there is also error in the calculation of actual confinement. Appellant requested only 656 days of presentence actual confinement credit. But appellant is actually entitled to 659 days of such credit. This court's calculation of credit is also 659 days. Accordingly, we hold appellant is entitled to 659 days of section 2900.5 credit and 98 days of section 2933.1, subdivision (c), conduct credit (at a rate of 15 percent), a total of 757 days of presentence credit.

## DISPOSITION

The judgment is modified to award appellant 659 days of presentence section 2900.5 confinement credit and 98 days of section 2933.1, subdivision (c), conduct credit, a total of 757 days of presentence credit.  As modified, the judgment is affirmed.

The superior court shall cause its clerk to prepare and to send to the Department of Corrections and Rehabilitation an amended abstract of judgment striking the prior award of presentence credit and awarding appellant 659 days of section 2900.5 confinement credit, as well as 98 days of section 2933.1 conduct credit.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KLEIN, P. J.

We concur:

KITCHING, J.

EDMON, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.