Filed 7/22/15  P. v. Licona CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049553 |
| v. | (Super. Ct. No. 11NF3162) |
| EDUARDO LICONA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed as modified.

Helen S. Irza, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Eduardo Licona was convicted of five counts of committing lewd acts against a victim under 14 years of age, in violation of Penal Code section 288, subdivision (a). (All further statutory references are to the Penal Code, unless otherwise noted.) On appeal, defendant argues the trial court erred by sentencing him under the version of the "One Strike" law[1] in effect at the time of his sentencing in 2013, rather than the version in effect at the time the crimes were committed. We conclude the trial court did err, but its error was not prejudicial. Under the applicable statute, defendant was not eligible for probation in any event, and his sentence would be the same under both versions of the One Strike Law.

Defendant also argues that the trial court improperly imposed an AIDS education fee, and incorrectly computed his presentence credit. The Attorney General concedes defendant is correct as to both of these arguments, and we agree. We will direct the trial court to amend the abstract of judgment to strike the AIDS education fee and to award defendant the correct amount of presentence credits. The judgment is otherwise affirmed.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 1996, N.N. was seven years old. She lived in a house with her parents, her brothers, her older sister, C.N., her grandmother, her cousin D.E.'s family, her aunt, R.L., and defendant, who was R.L.'s husband. When N.N. was seven years old, defendant put on a video of a woman orally copulating a man, made N.N. watch the video, and looked at her with a "scary," "creepy" face. About a year later, when N.N.

---

[1] In 1994, section 667.61 was added to the Penal Code, and sections 667.71 and 1203.066 were amended (Stats. 1993-1994, 1st Ex. Sess., ch. 14, §§ 1-3), in order to ensure that serious sexual offenders would receive long prison sentences, whether or not they had any prior criminal convictions. (*People v. Wutzke* (2002) 28 Cal.4th 923, 926, 929.) These statutes are collectively referred to as the One Strike Law.

entered defendant's room, he locked the door, lay on the bed, and instructed N.N. to get on top of him because his stomach hurt. Defendant then positioned N.N. on top of his genitals and moved her body back and forth. N.N. could feel defendant's erect penis pressed against her. Defendant attempted to do the same thing on a later date, but N.N. started crying and left. On several occasions, defendant touched N.N.'s genitals over or under her clothing, and exposed his penis to her. Defendant stopped touching N.N. when she was nine or 10 years old.

D.E. is about two years younger than her cousin, N.N. Beginning when D.E. was seven years old, defendant sexually abused her; the abuse continued until D.E. was about 12 years old, and in junior high school. Defendant touched her genitals, both over and under her clothing, and digitally penetrated her. On two different occasions when D.E. was seven or eight years old, defendant forced her to orally copulate him.

C.N. is three years older than her sister, N.N. C.N. testified, pursuant to Evidence Code section 1108, that when she was between eight and 10 years old, defendant pretended to need her help getting something off a shelf, picked her up, put his hand on her bottom, and touched her genitals with his thumb. On another occasion, defendant exposed his penis to C.N.

Defendant was charged in an amended information with five counts of committing a lewd act upon a child under 14 years of age. (§ 288, subd. (a).) Counts 1 and 2 involved lewd acts against N.N., while counts 3, 4, and 5 involved lewd acts against D.E. The amended information alleged that, as to all counts, defendant committed an offense specified in section 667.61, subdivision (c), against more than one victim. (§§ 667.61, subds. (b) & (e)(4), 1203.066, subd. (a)(7).) The amended information further alleged that, as to counts 4 and 5, defendant had substantial sexual conduct with a child under 14 years of age. (§ 1203.066, subd. (a)(8).)

A jury convicted defendant of all counts, and found all allegations to be true. The trial court found defendant to be statutorily ineligible for probation, and

3

sentenced him to 45 years to life in prison: three consecutive terms of 15 years to life, and two concurrent terms of 15 years to life. Defendant's notice of appeal was not filed because it was received late; this court granted a petition for a writ of habeas corpus to permit the filing of defendant's notice of appeal.

DISCUSSION

I.

*ONE STRIKE LAW*

The standard sentencing range for a violation of section 288, subdivision (a) is three, six, or eight years in state prison. (§ 288, subd. (a).) The One Strike Law, as it read in 2013 when defendant was sentenced, made a violation of section 288 subject to One Strike Law sentencing if the offense was committed against more than one victim. (§ 667.61, subds. (b), (c)(8), (e)(4).) The One Strike Law also made a defendant ineligible for probation if the offense was committed against more than one victim, or if the defendant had substantial sexual conduct with a victim under 14 years of age. (§§ 667.61, subds. (b), (c)(8), (e)(4), 1203.066, subd. (a)(7).) Defendant's probation report notes that defendant was ineligible for probation under section 1203.066, subdivision (a)(8), because the jury found he had had substantial sexual conduct with a minor under 14 years of age. Therefore, the probation report did not discuss the criteria affecting the trial court's decision to grant or deny probation. At the sentencing hearing, the trial court stated that defendant was statutorily ineligible for probation before sentencing him to three consecutive and two concurrent terms of 15 years to life.

However, the One Strike Law in effect in 2005, when the last of defendant's crimes was committed, did not absolutely prohibit probation for a defendant who violated section 288 against more than one victim or who had substantial sexual conduct with a victim under 14 years of age. In 2005, former section 667.61 provided that a person convicted of violating section 288, subdivision (a) would be subject to a

4

term of life in prison, and would not be eligible for probation for 15 years, if he or she was found to have committed the offense against more than one victim. (Former § 667.61, subds. (b), (c)(7), & (e)(5).) The statute provided, however, that this One Strike Law provision would not apply if "the defendant qualifies for probation under subdivision (c) of Section 1203.066." (Former § 667.61, subd. (c)(7).)

In 2005, former section 1203.066 provided that probation could not be granted to a person who committed a violation of section 288 against more than one victim, or a person who, in violating section 288, had substantial sexual conduct with a victim under 14 years of age. (Former § 1203.066, subd. (a)(7) & (8).) The statute also provided that it would apply only if the factor prohibiting probation (in this case, either committing the crime against more than one victim or engaging in substantial sexual conduct with a victim under 14 years of age) was alleged in the accusatory pleading and either admitted by the defendant or found to be true by the trier of fact. (Former § 1203.066, subd. (c)(1).) The statute also provided that if the factors prohibiting probation were not pleaded or proven, probation could be granted only if four additional terms and conditions were met. (Former § 1203.066, subd. (d)(1).)[2] If all of those findings were made, the trial court would have the discretion to place the defendant on

_____

[2] The terms and conditions were: "(A) If the defendant is a member of the victim's household, the court finds that probation is in the best interest of the child victim. [¶] (B) The court finds that rehabilitation of the defendant is feasible and that the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence. [¶] (C) If the defendant is a member of the victim's household, probation shall not be granted unless the defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by his or her return. While removed from the household, the court shall prohibit contact by the defendant with the victim, with the exception that the court may permit supervised contact, upon the request of the director of the court-ordered supervised treatment program, and with the agreement of the victim and the victim's parent or legal guardian, other than the defendant. [¶] (D) The court finds that there is no threat of physical harm to the victim if probation is granted." (Former § 1203.066, subd. (d)(1)(A)-(D).)

5

probation, but would also retain the discretion to sentence the defendant to prison. (*People v. Wutzke*, *supra*, 28 Cal.4th at pp. 927-928, 932.)

The Attorney General concedes that the trial court's application of the One Strike Law in effect in 2013, rather than the law in effect in 2005, violates ex post facto laws. (*Lindsey v. Washington* (1937) 301 U.S. 397, 400-401 [retroactive application of statutory amendment that made punishment more harsh than it had been when the crime was committed violated ex post facto clause]; *People v. Delgado* (2006) 140 Cal.App.4th 1157, 1167-1171 [ex post facto clause is violated when later-enacted statute removes discretion to sentence the defendant to a lower term].)

Defendant argues that we must reverse and remand the case for resentencing under the proper version of the One Strike Law. Defendant contends that because the jury did not make any findings on the terms and conditions of former section 1203.066, subdivision (d)(1), the trial court should not have sentenced defendant under the One Strike Law, but rather under the basic sentencing provisions of section 288, subdivision (a).

The problem with defendant's argument is that the terms of former section 1203.066, subdivision (d)(1) only come into play when the factors of former section 1203.066, subdivision (a) "are not pled or proven." In this case, the allegations that defendant committed the section 288 violations against more than one victim and that he had substantial sexual conduct with a victim under the age of 14 *were pled and proven*. The amended information alleged that, as to all counts, defendant committed lewd acts against more than one victim, pursuant to section 1203.066, subdivision (a)(7), and that, as to counts 4 and 5, he had substantial sexual conduct with D.E., pursuant to section 1203.066, subdivision (a)(8). The jury made true findings on all allegations. Therefore, even if the trial court had sentenced defendant using the 2005 version of the One Strike Law, he would still have been found ineligible for probation. The trial court's error was not prejudicial.

## II.

### *AIDS EDUCATION FEE*

The trial court imposed an AIDS education fee of $300, pursuant to section 1463.23. Defendant argues that the fee must be stricken, and the Attorney General concurs.

When fines are imposed against a defendant convicted of certain crimes, a portion of those fines must be deposited in a special account to fund AIDS education programs. (§ 1463.23.) Section 288, subdivision (a), of which defendant was convicted in this case, is not one of the crimes specified in section 1463.23. Therefore, the AIDS education fee was improperly imposed and must be stricken. (*People v. Ogg* (2013) 219 Cal.App.4th 173, 186 [AIDS education fee was unauthorized because the defendant was convicted of violating section 288.5, which is not an enumerated offense under section 1463.23].)

## III.

### *PRESENTENCE CREDITS*

The trial court awarded defendant 521 actual days of presentence custody credit, and no presentence conduct credits. Defendant argues the trial court erred in calculating the number of actual days of custody credit, and in failing to award any conduct credit. The Attorney General agrees.

Defendant was arrested on November 22, 2011, and sentenced on April 26, 2013. Both the date of arrest and the date of sentencing are properly used in calculating a defendant's presentence custody credits. (*People v. Smith* (1989) 211 Cal.App.3d 523, 525-526.) Applying this rule, defendant was entitled to 522 actual days of presentence custody credit.

Section 4019, subdivisions (b) and (c) establish the general rule that defendants are entitled to two days of presentence conduct credit for every four days of actual presentence custody. Section 2933.1, however, creates an exception to that rule,

and provides that defendants convicted of felony offenses listed in section 667.5, subdivision (c), may only receive presentence conduct credit totaling 15 percent of their presentence custody credit. Section 288, of which defendant was convicted, is listed in section 667.5, subdivision (c). Section 2933.1 does not make defendants ineligible for presentence conduct credit because they have received an indeterminate life sentence. (*People v. Brewer* (2011) 192 Cal.App.4th 457, 462.)

Therefore, while defendant was not entitled to the full level of presentence custody credit under section 4019, he was entitled to an award of presentence conduct credit under section 2933.1, totaling 15 percent of his 522 actual days of presentence custody credit, or 78 days.

DISPOSITION

We direct the trial court to prepare an amended abstract of judgment (1) striking the AIDS education fee, and (2) awarding defendant 522 actual days of presentence custody credit and 78 days of presentence conduct credit, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

8