Filed 9/15/15  P. v. Pyles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061715 |
| v. | (Super.Ct.No. FVI1203257) |
| MITCHELL PYLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed as modified.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Mitchell Pyles is serving 15 years to life after pleading no contest to sexual penetration of a child age ten or under.  Defendant's sole claim on appeal is that

1

the trial court failed to credit him with any of the 88 days of presentence conduct credits to which he was entitled. The People agree, as does this court, that defendant is entitled to 88 days of such credits.

## PROCEDURAL BACKGROUND

On September 16, 2013, defendant pled no contest to sexual penetration of a child age ten or under. (Pen. Code, § 288.7, subd. (b)[1] The plea form indicates defendant would receive pre-sentence conduct credits under section 2933.1.

On July 25, 2014, the trial court heard and denied defendant's motion to withdraw his plea. Also on that date, the court sentenced defendant to 15 years to life in prison. The court credited defendant with 591 days of actual presentence custody credit. Defense counsel requested 15 percent conduct credits, which the People opposed, but the court declined to award defendant any conduct credits.

This appeal followed.

## DISCUSSION

Defendant argues, the People concede, and this court agrees, that the trial court erred in failing to award him 88 days of pre-trial conduct credit pursuant to sections 4019 and 2933.1.

The California Supreme Court has stated: "'[T]he court imposing a sentence' has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section

---

[1] All section references are to the Penal Code unless otherwise indicated.

2

4019, and reflect the total in the abstract of judgment. (§ 2900.5, subd. (d) . . . .)"
(*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.)

Section 4019, subdivision (f) provides that "a term of four days will be deemed to have been served for every two days spent in actual custody" for all days spent in local custody from the date of arrest to the sentencing date. For "violent felonies," however, the credit is limited to 15 percent of the actual custody time. (§ 2933.1, subd. (c).) Defendant pled guilty to violating section 288.7, subdivision (b). Because this crime involved penetration, it is a "violent felony" under section 667.5, subd. (c)(11) and thus falls within the 15 percent conduct credits restriction set forth in section 2933.1, subdivision (c).

Such credits apply to indeterminate life sentences such as defendant's sentence of 15 years to life. (*People v. Brewer* (2011) 192 Cal.App.4th 457, 462-464.)

For these reasons, defendant should have been credited with an additional 88 days, calculated as 591 actual presence days multiplied by 0.15.

### DISPOSITION

The judgment is modified to award defendant 88 days of presentence conduct credits in addition to the 591 days of presentence custody credits, for a total of 679 days. The superior court clerk is directed to amend the July 25, 2014, sentencing hearing minute order and the abstract of judgment to reflect the same. The superior court clerk is also directed to forward a certified copy of the amended abstract of judgment and minute order to the Department of Corrections and Rehabilitation. The judgment as thus modified is affirmed.

3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.