TANGEMAN, J.
Manuel Busane appeals from the judgment after a jury convicted him of two counts of forcible lewd acts on a child ( Pen. Code,[1] § 288, subd. (b)(1) ) and two counts of nonforcible lewd acts on a child ( § 288, subd. (a) ), and found true allegations that he committed his crimes against multiple victims (§ 667.61, subds. (b), (c)(4) & (8), (e)(4) ). The trial court found true allegations that Busane suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d) ) and two prior serious felony convictions (§ 667, subd. (a) ), and that he served five prior prison terms (§ 667.5, subd. (b) ). It sentenced him to 116 years to life in prison. The court awarded Busane 1,040 days of actual custody credits and no presentence conduct credits.
Busane contends: (1) insufficient evidence supports his forcible lewd acts on a child convictions, (2) the trial court should have instructed the jury on the lesser included offenses of forcible lewd acts, (3) the court should have instructed the jury on the prohibition of dual convictions for alternative charges, (4) we should remand the case to permit the court to exercise its discretion to impose or strike the serious felony enhancements, and (5) he is entitled to presentence conduct credits. In the unpublished portion of our opinion, we affirm Busane's convictions for forcible lewd acts, reverse his convictions for nonforcible lewd acts, and vacate his sentence. In the published portion, we direct the trial court to determine Busane's entitlement to presentence conduct credits.
FACTUAL AND PROCEDURAL HISTORY**
DISCUSSION
1.-4.***
5. Presentence conduct credits
At the conclusion of sentencing, Busane requested credits for the 1,040 days he spent in presentence custody. The trial court granted his request for custody credits, but refused to grant conduct credits. The court said he was not entitled to conduct credits pursuant to sections 667.61 and 2933.5.
*499 Busane contends the trial court erred when it determined that he was ineligible for presentence conduct credits. ( People v. Acosta (1996) 48 Cal.App.4th 411, 420, 55 Cal.Rptr.2d 675 [party may challenge presentence credit calculation for the first time on appeal if there are other issues raised].) We agree.
Defendants sentenced to prison are entitled to credits against their terms of imprisonment for all actual days spent in custody prior to sentencing. (§ 2900.5, subd. (a).) And absent statutory authority to the contrary, defendants are also entitled to presentence conduct credits if they perform assigned labor and comply with jailhouse rules and regulations. (§ 4019, subds. (a)(4), (b) & (c); see People v. Thomas (1999) 21 Cal.4th 1122, 1125, 90 Cal.Rptr.2d 642, 988 P.2d 563 ( Thomas ).) This includes defendants who, like Busane, receive indeterminate life sentences. (See, e.g., People v. Brewer (2011) 192 Cal.App.4th 457, 461-464, 121 Cal.Rptr.3d 649 ( Brewer ); People v. Philpot (2004) 122 Cal.App.4th 893, 907-909, 19 Cal.Rptr.3d 280.) Presentence conduct credits are limited to 15 percent of the time spent in custody for defendants convicted of violent felonies. (§ 2933.1, subd. (c).)
Whether statutory authority limits Busane's entitlement to presentence conduct credits presents an issue of statutory interpretation for our independent review. ( Brewer , supra , 192 Cal.App.4th at p. 461, 121 Cal.Rptr.3d 649.) Our primary purpose is to effectuate the Legislature's intent. ( People v. Licas (2007) 41 Cal.4th 362, 367, 60 Cal.Rptr.3d 31, 159 P.3d 507.) We first look to the words of the statute. ( Ibid. ) If the statutory language is clear and unambiguous, its plain meaning governs. ( Ibid. ) In the absence of ambiguity, we presume the Legislature "meant what it said, and [do] not resort to legislative history to determine the statute's true meaning." ( People v. Cochran (2002) 28 Cal.4th 396, 401, 121 Cal.Rptr.2d 595, 48 P.3d 1148 ( Cochran ).)
The trial court here relied on two statutes-sections 667.61 and 2933.5-when it denied Busane presentence conduct credits. Neither was a proper basis for denial.
If a statute does not refer to an issue, its meaning is clear: The statute does not pertain to that issue. ( Thomas , supra , 21 Cal.4th at p. 1125, 90 Cal.Rptr.2d 642, 988 P.2d 563.) "[A] court is not authorized to insert qualifying provisions not included [in the statute,] and may not rewrite [it] to conform to an assumed intention [that] does not appear from its language." ( People v. One 1940 Ford V-8 Coupe (1950) 36 Cal.2d 471, 475, 224 P.2d 677.) "The court is [instead] limited to the intention expressed." ( Ibid. )
Section 667.61 does not refer to presentence conduct credits. It thus does not render Busane ineligible for presentence conduct credits. ( Thomas , supra , 21 Cal.4th at p. 1125, 90 Cal.Rptr.2d 642, 988 P.2d 563 [where provision of three strikes law does not mention presentence conduct credits, its meaning is clear and does not affect the credit calculation].)
The plain language of section 667.61 also undermines the Attorney General's argument that the legislative history evidences the Legislature's intent that the statute bars presentence custody credits for defendants subject to its provisions. Where, as here, the Legislature's expressed intent is clear from the language of the statute, we do not consider its legislative history. ( Cochran , supra , 28 Cal.4th at p. 401, 121 Cal.Rptr.2d 595, 48 P.3d 1148 ; Thomas , supra , 21 Cal.4th at p. 1125, 90 Cal.Rptr.2d 642, 988 P.2d 563.) We disagree with our colleagues in the First District who have done so to reach a contrary conclusion. (See *500 People v. Cervantes (2017) 9 Cal.App.5th 569, 618-619, 215 Cal.Rptr.3d 174, review granted May 17, 2017, S241323, review dismissed, cause remanded Feb. 28, 2018, disapproved of on another ground by People v. Superior Court (Lara ) (2018) 4 Cal.5th 299, 314-315, 228 Cal.Rptr.3d 394, 410 P.3d 22.)
The trial court also erred when it relied on section 2933.5 to deny Busane presentence conduct credits. That section provides that defendants convicted of certain violent felonies, including forcible lewd acts on a child, are ineligible for presentence conduct credits if they have two or more prior convictions and have served two or more prior prison terms for violations of listed felonies. But it is the Department of Corrections and Rehabilitation, not the trial court, that makes the initial determination of whether a defendant is ineligible for conduct credits pursuant to section 2933.5. ( People v. Goodloe (1995) 37 Cal.App.4th 485, 492-494, 44 Cal.Rptr.2d 15.) The court's invocation of that section at sentencing was premature. ( Id. at pp. 494-495, 44 Cal.Rptr.2d 15.) Perhaps more importantly, we note that, though the jury convicted Busane of a listed felony (see § 2933.5, subd. (a)(2)(J) ), none of the prior conviction allegations the trial court found true was for a listed felony. Thus, even if it were appropriate for the court to determine Busane's ineligibility for presentence conduct credits in the first instance, its determination was incorrect.
We accordingly hold that the only limitations on Busane's accrual of presentence conduct credits were those set forth in sections 2933.1 and 4019. Here, Busane was convicted of two violent felonies. (See § 667.5, subd. (c)(6).) He spent 1,040 days in presentence custody. He is therefore entitled to up to 156 days of conduct credits if he performed his assigned labor and complied with jail rules.
But the trial court made no findings regarding whether Busane performed labor or complied with the rules. It is inappropriate for this court to do so in the first instance. Instead, we remand with directions to the trial court to determine whether Busane performed his assigned labor and complied with jail rules and regulations and, if so, to calculate and award him the appropriate conduct credits. ( People v. Taylor (2004) 119 Cal.App.4th 628, 647, 14 Cal.Rptr.3d 550 [incorrect calculation of custody credits is an unauthorized sentence that may be corrected at any time].)
DISPOSITION
Busane's convictions for nonforcible lewd acts on a child are reversed. The case is remanded to the trial court with directions to hold a hearing to: (1) exercise its newfound discretion to impose or strike the prior serious felony enhancements, (2) determine whether Busane is entitled to presentence conduct credits, and, if so, (3) calculate and award those credits. Busane has the right to assistance of counsel at the remand hearing, and, unless he chooses to waive that right, the right to be present. After the hearing, the clerk of the court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.
We concur:
GILBERT, P. J.
YEGAN, J.

All further statutory references are to the Penal Code.

See footnote *, ante .

See footnote *, ante .