Filed 11/7/23  P. v. Hernandez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>CESAR BENJAMIN HERNANDEZ,<br><br>   Defendant and Appellant. | F085035<br><br>(Super. Ct. No. VCF342492)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Meehan, J. and Snauffer, J.

Defendant Cesar Benjamin Hernandez was convicted of three counts of lewd and lascivious conduct with a child and was sentenced to the middle term sentence of six years. On appeal, defendant argues that the trial court violated Penal Code section 1170[1] by relying on aggravating factors to choose the middle term sentence where the aggravating factors had not been found beyond a reasonable doubt by a jury. Defendant also requests that we dismiss the lesser included offenses in the counts for which he was acquitted because the jury was discharged without having rendered a verdict as to those lesser included offenses.[2] We remand the case and order the trial court to enter a judgment of acquittal as to the lesser included offenses in the counts for which defendant was acquitted but otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Tulare County filed an amended information on February 11, 2020, charging defendant with engaging in sexual intercourse or sodomy with a child 10 years of age or younger (§288.7, subd. (a); counts 1–6), engaging in oral copulation or sexual penetration with a child 10 years of age or younger (§288.7, subd. (b); counts 7, 19), lewd or lascivious acts upon a child under 14 years of age (§ 288, subd. (a); counts 8–18, 20, 22, 24), and lewd or lascivious acts by force or fear upon a child under 14 years of age (§ 288, subd. (b)(1); counts 21, 23).

The amended information also alleged that defendant had substantial sexual conduct with a child under the age of 14 years (§ 1203.066, subd. (a)(8)) as to counts 8 through 17, 20, and 21 and the case involved multiple victims, a circumstance pursuant to section 667.61, subdivisions (b) and (e) of the alternate sentencing scheme known as the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Given the issues raised in defendant's appeal, we will dispense with a recitation of the underlying facts of defendant's case.

"One Strike" law (§ 667.61) as to counts 8 through 18 and 20 through 24. Defendant pleaded not guilty and denied all allegations.

After a 12-day trial, a jury convicted defendant of three counts of lewd and lascivious conduct (counts 20, 22, 24), found true that defendant engaged in substantial sexual conduct as to count 20, but acquitted him of the remaining counts and found not true the multiple victim allegation.[3]

At sentencing, defense counsel requested that all factors in aggravation be stricken because they had not been found beyond a reasonable doubt by the jury and argued that the trial court had no justification for imposing anything other than the low term. The trial explained that it would select the middle term sentence because the nature of the offense was very serious given defendant sexually assaulted a six-year-old child who was particularly vulnerable and had suffered an emotional injury for 15 years since the crime, the crime involved planning and sophistication, and defendant took advantage of a position of trust, which indicates he is a serious danger to society (Cal. Rules of Court, rule 4.421(a)(1), (a)(8), (a)(11) & (b)(1)). The court acknowledged defendant's lack of a prior record and exemplary conduct subsequent to the crime, noted that he had been supporting his family and attending church, but concluded that such factors were offset by the aggravating factors. The trial court further ordered concurrent sentences for counts 22 and 24 because it had used the factors in aggravation to select the middle term for count 20.

The trial court sentenced defendant to the middle term of six years as to count 20, and one-third the middle term (two years) as to counts 22 and 24, to be served concurrently to count 20, for total term of six years. In addition, the trial court ordered defendant to pay a $350 restitution fine (§ 1202.4, subd. (b)), a suspended $350 parole

---

[3] The trial court discharged the jury before noticing that the jury did not address any lesser included offenses for the charges upon which it acquitted defendant.

revocation restitution fine (§ 1202.45, subd. (a)), a $350 child abuse prevention restitution fine (§ 294, subd. (b)), a $300 sexual offender fine (§ 290.3),[4] a $120 court operations assessment (§ 1465.8), and a $ 90 criminal conviction assessment (Gov. Code, § 70373).  The court ordered victim restitution to remain open (§ 1202.4, subd. (f)(2)).

Defendant filed a timely notice of appeal on September 29, 2022.

## DISCUSSION

**I.**     **The trial court did not err in relying on aggravating factors not proven to the jury to select a middle term sentence.**

Defendant argues that section 1170, subdivision (b)(2) should be interpreted to preclude a trial court's use of aggravating factors not found by a jury to select between the low and middle term sentences.  The People respond that defendant's argument is contrary to the plain language of section 1170, subdivision (b), and we agree.

### A.     Standard of Review and Applicable Law

We exercise de novo review in addressing this issue of statutory interpretation. (*People v. Brewer* (2011) 192 Cal.App.4th 457, 461.)  "Statutory construction begins with the plain, commonsense meaning of the words in the statute, ' "because it is generally the most reliable indicator of legislative intent and purpose." ' [Citation.] 'When the language of a statute is clear, we need go no further.' " (*People v. Manzo* (2012) 53 Cal.4th 880, 885 (*Manzo*) [interpreting the word "at" in section 246, which penalizes shooting at a motor vehicle; the defendant was standing outside the vehicle, but the gun was inside an open window].)

Where the meaning is ambiguous, " '[i]t is appropriate to consider evidence of the intent of the enacting body in addition to the words of the measure, and to examine the history and background of the provision, in an attempt to ascertain the most reasonable interpretation.' [Citation.]  We may also consider extrinsic aids such as the ostensible

---

[4]     The abstract of judgment fails to include this fine.

objects to be achieved, the evils to be remedied, and public policy. [Citation.] When construing a statute, 'our goal is " 'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' " ' " (*Manzo*, *supra*, 53 Cal.4th at p. 886, first bracketed insertion in original.) The rule of lenity requires a court to prefer the interpretation that is more favorable to the defendant only if there is an egregious ambiguity and uncertainty and the court can do no more than guess what the legislative body intended. (*Manzo*, at p. 889.)

### B.    Analysis

Section 1170, subdivision (b) provides in relevant part as follows: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).) "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (b)(2).)

Therefore, section 1170, subdivision (b) contemplates that a trial court will weigh aggravating and mitigating circumstances when selecting less than the upper term without such circumstances having been found by a trier of fact. Section 1170, subdivision (b)(6) provides for a presumptive lower term sentence if certain circumstances contributed to the commission of the crime "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."[5] Once again, the statute does

---

[5]    Prior to 2007, former section 1170, subdivision (b) set the middle term as the presumptive prison term but authorized the trial court to impose the upper term if it found circumstances in aggravation by a preponderance of evidence. (See Stats. 2004, ch. 747, § 1.) In

not require the circumstances used by the trial court for this decision to be proven to a trier of fact based upon a certain standard of proof.

Section 1170, subdivision (b)(4) further provides that: "[E]ither party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. The court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." Therefore, for sentencing decisions other than a justification for the upper term, section 1170, subdivision (b) clearly contemplates that the trial court will rely upon information from multiple services that have not been found true beyond a reasonable doubt by a trier of fact based upon a particular standard of proof.

As defendant concedes, section 1170, subdivision (b)(2) requires only aggravating factors to be supported by true findings beyond a reasonable doubt or stipulations, if the upper term is imposed and "[t]he plain text suggests that this requirement only applies to upper term sentences." Defendant also recognizes that the Advisory Committee comment, California Rules of Court, rule 4.421 states that the " 'requirements do not apply to consideration of aggravating factors for the lower or middle term.' " " 'When the language of a statute is clear, we need go no further.' " (*Manzo*, *supra*, 53 Cal.4th at p. 885.) Because the statute clearly provides that only aggravating factors used to

2007, the United States Supreme Court determined this sentencing scheme was unconstitutional because any fact other than a prior conviction that exposes a defendant to a greater potential sentence must be found by a jury and established beyond a reasonable doubt. (*Cunningham v. California* (2007) 549 U.S. 270, 281.) In response, the Legislature amended section 1170, subdivision (b) to eliminate the presumption for the middle term and to instead provide that "the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2007, ch. 3, § 2, p. 5, eff. Mar. 30, 2007.)

sentence a defendant to an upper term need be proven to a jury beyond a reasonable doubt and permits a court to use aggravating circumstances without being proven in making other sentencing decisions, the plain text of the statute controls and we need not examine the statute further.

Defendant argues, that "this interpretation lends itself to absurd results that conflict with the Legislature's policy objectives." "[A] fundamental principle of statutory construction is that the language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." (*People v. Cook* (2015) 60 Cal.4th 922, 927.) We agree with the People that the legislative requirements of section 1170, subdivision (b) were intended to comport with the United States Supreme Court's and our Supreme Court's Sixth Amendment jurisprudence and do not lead to absurd results. The United States Supreme Court in *Cunningham* explained that California could retain section 1170 without encountering a Sixth Amendment violation by either (1) "calling upon the jury … to find any fact necessary to the imposition of an elevated sentence" or (2) allowing judges to exercise " 'broad discretion … within a statutory range.' " (*Cunningham v. California*, *supra*, 549 U.S. at p. 294.) Section 1170 reflects that the Legislature heeded the United States Supreme Court's guidance.

We are also mindful of our "limited role in the process of interpreting enactments from the political branches of our state government. In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law, " ' "whatever may be thought of the wisdom, expediency, or policy of the act." ' " ' " (*People v. Loeun* (1997) 17 Cal.4th 1, 9.) Section 1170, subdivision (b) complies with Sixth Amendment jurisprudence, but whether Sixth Amendment protections should also be extended to a trial court's discretion to sentence a defendant to a term within the maximum sentence permitted by a jury's guilty verdict is a matter of "policy not for this court but for the Legislature. That body is entrusted with the task of enacting the laws for

7.

our state, and, in performing that responsibility, considers the reasons or the need for a particular statute. Our task is limited to interpreting the Legislature's enactments, and we have done so here." (*People v. Evans* (2008) 44 Cal.4th 590, 599.)

## II.    Defendant is entitled to a judgment of acquittal as to the lesser included offenses in the counts for which the jury acquitted him.

### A.    Background

The jury acquitted defendant of all but three counts but failed to indicate any verdict for the lesser included offenses in the counts for which it acquitted him. The trial court discharged the jury before noticing that the jury's verdict form failed to indicate any verdict as to these lesser included offenses.[6] Defendant argues that he is entitled to a judgment of acquittal or dismissal as to the lesser included offenses for which the jury failed to reach a verdict. The People concede that the lesser included charges cannot be retried, and we agree that the trial court should enter a judgment of acquittal as to these charges.

### B.    Applicable Law

"The double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, section 15, of the California Constitution provide that a person may not be twice placed 'in jeopardy' for the 'same offense.' 'The double jeopardy bar protects against a second prosecution for the same offense following an acquittal or conviction, and also protects against multiple punishment for the same offense. [Citations.]' [Citation.] Although some differences in application arise, both federal and

---

[6]    The trial court instructed the jury as to the following lesser included offenses: attempted commission of a lewd and lascivious act upon a child under 14 years of age (§§ 21a, 288; counts 8–18, 20–24); attempted sexual penetration with a child 10 years of age or younger (§§ 21a, 288.7, subd. (b); count 19); battery (§ 242; counts 1–24); and assault (§ 240; counts 1–24). The trial court further instructed the jury with CALCRIM No. 3517, which provided that the jury should determine guilt on the lesser included offenses if it found defendant not guilty of the greater offenses and to indicate their findings of guilty or not guilty as to the lesser included offenses on the verdict form.

California law generally treat greater and lesser included offenses as the 'same offense' for purposes of double jeopardy." (*People v. Anderson* (2009) 47 Cal.4th 92, 103–104, first bracketed insertion in original.) " 'The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal.' [Citation.] The same is true when a conviction is reversed or set aside because of insufficient evidence. [Citations.] The United States Supreme Court has held that an acquittal barring a second prosecution may be implied where a jury convicts on a lesser included offense after having ' "a full opportunity to return a verdict" ' on the greater charge [citations], and California law has long recognized that such an 'implied acquittal' bars retrial." (*Id.* at p. 104, third bracketed insertion in original.) "In general, if a jury is discharged without returning a verdict, the double jeopardy bar applies unless manifest necessity required the discharge, or the defendant consented to it." (*Ibid.*)

Section 1140 provides that "[e]xcept as provided by law, the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree."

"In California, legal necessity for a mistrial typically arises from an inability of the jury to agree (Pen. Code, § 1140; [citation]) or from physical causes beyond the control of the court (Pen.Code, § 1141; [citation]), such as the death, illness, or absence of judge or juror (Pen.Code, §§ 1123, 1147; [citations]), or of the defendant (Pen.Code, § 1043; [citation]). A mere error of law or procedure, however, does not constitute legal necessity." (*Curry v. Superior Court* (1970) 2 Cal.3d 707, 713–714.)

### C.    Analysis

In the instant case, the record establishes that the jury acquitted defendant on all but three counts but did not return verdicts as to the lesser included offenses in the

acquitted counts. Neither the parties nor the trial court noticed the deficiency in the verdict until after the jury had been discharged. Therefore, the trial court made no finding as to whether the jury had been unable to agree on a disposition of the lesser included offenses nor whether there was any reasonable probability as to whether the jury could agree. The trial court's discharge of the jury without ascertaining whether it had been unable to reach a verdict on the lesser included offenses is a mere error of law or procedure that does not establish legal necessity for a mistrial, and no mistrial was declared in any event. As our Supreme Court has recognized, "[o]nce jeopardy has attached, discharge of the jury without a verdict is tantamount to an acquittal and prevents a retrial" where a defendant has not consented to the jury's discharge or legal necessity did not require it. (*Stone v. Superior Court* (1982) 31 Cal.3d 503, 516, abrogated on other grounds as stated in *People v. Aranda* (2019) 6 Cal.5th 1077, 1086.)

Therefore, we agree that double jeopardy prohibits retrying defendant on the lesser included offenses in the counts for which he has been acquitted.

## DISPOSITION

The trial court is directed to enter a judgment of acquittal as to the following: (1) as to counts 1 through 7—battery (§ 242) and simple assault (§ 240); (2) as to counts 8 through 18, 21, and 23—attempted commission of a lewd and lascivious act on a child under 14 years of age (§§ 21a, 288), battery (§ 242), and simple assault (§ 240); and (3) as to count 19—attempted sexual penetration of a child 10 years of age or younger (§§ 21a, 288.7, subd. (b)), battery (§ 242), and simple assault (§ 240). The trial court is further directed to amend the abstract of judgment to include the trial court's order that defendant pay a $300 sexual offender fine (§ 290.3) and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.