[Crim. No. 14150. Third Dist. Feb. 27, 1986.]

In re DARRYL RICHARD SMITH on Habeas Corpus.

---

---

**COUNSEL**

John K. Van de Kamp, Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Appellant.

James Scanlon, under appointment by the Court of Appeal, for Respondent.

---

**OPINION**

**EVANS, J.**—The People appeal from the order granting defendant's petition for a writ of habeas corpus awarding defendant one-for-one credit pursuant to Penal Code section 2933 for time served while defendant was "out to court." We will reverse the order.

Defendant was sentenced to state prison by the Placer County Superior Court on July 1, 1983. He was transferred to the California Correctional Institute at Tehachapi and on September 2, 1983, there enrolled in a program which permitted him to earn one-for-one credits as provided by Penal Code section 2933. On December 1, 1983, pursuant to defendant's request to have pending charges against him in Alameda County resolved (Pen. Code, § 1381), defendant was transferred to Alameda County. From December 1, 1983, to April 25, 1984, defendant remained in the custody of Alameda County jailers after which he was returned to Tehachapi.

Pursuant to California Department of Corrections classification manual, chapter 300, section 314, subdivision (e), defendant was refused one-for-one credit for the time he was confronting the pending charges in Alameda County, and was placed in a category of persons earning credit at the rate of one-for-two. Following unsuccessful petitions to the Department of Corrections seeking credit on a one-for-one basis for the time served in Alameda County, defendant was granted relief by the Placer County Superior Court.

Penal Code section 2933 provides for credit toward a defendant's release date at a one-for-one ratio where, as here, the defendant participates in a qualified program. Subdivision (b) of section 2933 provides in pertinent part: "Worktime credit is a privilege, not a right. Worktime credit must be earned . . . ." As we stated in *People* v. *Caddick* (1984) 160 Cal.App.3d 46, 52 [206 Cal.Rptr. 454], "Section 2933 advances the Legislature's intent to instill marketable skills and good work habits in prisoners to facilitate their rehabilitation and reintegration into society and achieve prison self-sufficiency."

Defendant contends that denying him one-for-one credits for the time he spent in Alameda County on pending criminal charges denies his constitutional right to a speedy trial, equal protection of the law, and violates California Administrative Code, title 15, section 3043.2, subdivision (c). Defendant argues he is denied his speedy trial right because he was forced to either forego that right under Penal Code section 1381 or, should he exercise his section 1381 rights, lose the one-for-one credits. He claims a denial of equal protection because "the Department of Corrections has created classification[s] of prisoners working in Penal Code § 2933 programs to earn 'one-for-one credit', distinguishing between those who go to court to assert their speedy trial rights under Section 1381 and those who [choose] not to do so. Those who do so are punished by receiving reduced Section 2931 credits; those who do not get the maximum credits allowed by law."

In making those arguments, defendant loses sight of the purpose of Penal Code section 2933, which is to benefit both the prisoner and society by providing the prisoner with a marketable skill and instilling in him a work ethic. (See Stats. 1982, ch. 1, § 1, p. 1.) Further, defendant is rewarded for participation in a program which attempts to impart to him those habits and work skills. When defendant does not participate, for whatever reason, he is not being punished; rather he is simply not being rewarded. Of course defendant may still earn credit at the one-for-two rate as may all other prisoners who are not in a one-for-one credit qualifying program under section 2933.

With respect to defendant's argument that California Administrative Code, title 15, section 3043.2, subdivision (c), authorizes him to receive one-for-one credits, he is wrong. While section 3043.2, subdivision (c), provides that a "[f]ailure to work or participate in program activities for reasons which are beyond the inmate's control shall not be cause for denial or forfeiture of participation credit," it refers only to the one-for-two ratio of credits earned provided for in Penal Code section 2931 (Cal. Admin. Code, tit. 15, §§ 3043.2, subd. (a), 3043, subds. (a) and (b)) and has no application to section 2933.

The judgment (order) is reversed. The Placer County Superior Court is directed to vacate its order granting defendant's petition for a writ of habeas corpus and to enter an order denying same. The court is to prepare a corrected order in conformity with this opinion and to forward it to the Department of Corrections.

Puglia, P. J., and Blease, J., concurred.