[No. A065566. First Dist., Div. One. Aug. 2, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
LEO ANTHONY GOODLOE, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II and III.

**COUNSEL**

J. Courtney Shevelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Clifford K. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

STRANKMAN, P. J.—Appellant Leo Anthony Goodloe was convicted by a jury of rape and assault with force likely to produce great bodily injury. (Pen. Code, §§ 261, 245, subd. (a)(1).)[1] Intentional personal infliction of great bodily injury enhancement allegations were found true as to each offense. (§§ 12022.8, 12022.7, subd. (a).) At the bifurcated second phase of the trial, the jury found true allegations of eight prior felony convictions. The court sentenced appellant to a total term of 43 years and found that he is a person described by section 2933.5.

Section 2933.5, enacted in 1990, makes some recidivist offenders convicted of certain violent felonies on or after its effective date ineligible to earn credit on their terms of imprisonment. Barred from earning credit is any person convicted of any felony offense listed in the statute who "has been previously convicted two or more times, on charges separately brought and tried, and who previously has served two or more separate prior prison terms," of any listed offense or offenses. (§ 2933.5, subd. (a)(1).) In the published portion of this opinion, we conclude that a defendant's ineligibility for credit under section 2933.5 need not be pled or proved at trial and that the determination of ineligibility is to be made by the Department of Corrections.

I.-III.*

. . . . . . . . . . . . . . . . . . . . . . . .

IV. SECTION 2933.5

The statutory scheme providing for sentence reduction credit appears in sections 2930 through 2935. According to section 2933, subdivision (a), prisoners sentenced under section 1170 for crimes committed on or after January 1, 1983, may earn "worktime credit," a one-day reduction from their terms of confinement for each day of performance in work assignments or elementary, high school, or vocational educational programs. (See *In re Ramirez* (1985) 39 Cal.3d 931, 933 [218 Cal.Rptr. 324, 705 P.2d 897]; *People* v. *Eddy* (1995) 32 Cal.App.4th 1098, 1102 [38 Cal.Rptr.2d 563].) The Legislature's intent in enacting section 2933 was to instill in prisoners a work ethic that would improve their chances for reintegration into society. (See Stats. 1982, ch. 1, § 1, p. 1; *People* v. *Madison* (1993) 17 Cal.App.4th 783, 789 [22 Cal.Rptr.2d 157]; *In re Mabie* (1984) 159 Cal.App.3d 301, 308

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante,* page 485.

[205 Cal.Rptr. 528].) Worktime credit is not awarded automatically. Instead, it is a "privilege, not a right," which must be earned and may be forfeited. (§ 2933, subd. (b).)

Some prisoners are not entitled to earn worktime credit, but instead are limited to a possible one-third reduction in their sentences for good behavior and participation credit pursuant to section 2931. (§ 2933, subd. (e) [persons sentenced under § 190, subd. (a) or (c), eligible only for § 2931 credit]; *People* v. *Jenkins* (1995) 10 Cal.4th 234, 248 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [murderer sentenced as habitual offender under § 667.7 not eligible for credit under § 2933].)[5]

In 1990 the Legislature enacted section 2933.5, declaring certain persons absolutely ineligible to earn any credit on their terms of imprisonment. (Stats. 1990, ch. 1700, § 3.) Section 2933.5 applied to persons convicted on or after its effective date and provided in pertinent part:

"(a) Notwithstanding any other provision of law, the following persons shall be ineligible to earn credit on their terms of imprisonment pursuant to this chapter.

"(1) Every person convicted of any felony offense listed in paragraph (2), and who has been previously convicted two or more times, on charges separately brought and tried, and who previously has served two or more separate prior prison terms, as defined in subdivision (g) of Section 667.5, of any offense or offenses listed in paragraph (2).

"(2) As used in this subdivision, 'felony offense' includes any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(G) Rape, as defined in subdivision (2) of Section 261.

". . . . . . . . . . . . . . . . . . . . . . . . .

---

[5]Section 2933 is part of a revised statutory plan for awarding sentence reduction credits enacted in 1982. For a discussion of the differences between worktime credit and the good behavior and participation credit authorized by section 2931, see generally, *In re Ramirez, supra,* 39 Cal.3d at pages 933-936.

"(O) Any felony in which the defendant personally inflicted great bodily injury as provided in Section 12022.7."[6]

The Legislature explained its purpose in enacting the statute by stating in an uncodified section, "The Legislature hereby finds and declares that the criminal offender who has been separately tried and convicted of repeated serious violent felonies . . . has demonstrated that he or she poses a serious danger to the public if released from prison early and should, . . . serve the full terms of his or her sentences without benefit of goodtime or worktime credits. [¶] The Legislature further finds and declares that this act is necessary because the need to help protect the public from the substantial danger and repeated acts of violent conduct of this type of criminal offender is a greater public need than the need to reduce overcrowded prison population, the need to provide methods for controlling inmate behavior, or the need to rehabilitate this particular group of offenders, even though all of these matters are valid public policy concerns as they apply to other inmates." (Stats. 1990, ch. 1700, § 1, p. 8128.)

When the trial court sentenced appellant, it found him to be "a person described in Penal Code section 2933.5" and declared him statutorily ineligible to earn credits. The court also reasoned that because appellant was not entitled to worktime or good behavior credit in prison, he was not entitled to such credit for time in custody pretrial.

Appellant attacks the court's findings on several grounds. We first consider his claim that the information did not provide notice his priors were being alleged for purposes of section 2933.5. Although he acknowledges section 2933.5 does not call for pleading and proof of the prior convictions that determine a defendant's ineligibility for credits, he insists the omission was inadvertent and urges us to read such a requirement into the statute. The Attorney General responds that pleading and proof in the trial court was not necessary because credit ineligibility under the statute is to be determined administratively by the Department of Corrections.

Resolution of the issue turns on ascertaining what the Legislature intended by means of settled principles of statutory construction. We look first to the words of the statute itself, which should be the best indicator of the lawmakers' intent. (See *Williams* v. *Superior Court* (1993) 5 Cal.4th 337, 350 [19 Cal.Rptr.2d 882, 852 P.2d 377].) If those words are clear and

---

[6]Section 2933.5 was amended in 1994 to update its definition of rape. (Stats. 1994, ch. 1188, § 18.) As amended, section 2933.5, subdivision (a)(2)(G) now states: "Rape, as defined in paragraph (2) or (6) of subdivision (a) of Section 261 or paragraph (1) or (4) of subdivision (a) of Section 262."

unambiguous, we may not modify them to accomplish a purpose not apparent on the face of the statute or from its legislative history. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) But whether a statute is ambiguous is not always readily ascertainable. ▮ A statute must be considered in the context of the relevant statutory framework. (*People* v. *Hernandez* (1988) 46 Cal.3d 194, 206 [249 Cal.Rptr. 850, 757 P.2d 1013]; *People* v. *Craft* (1986) 41 Cal.3d 554, 560 [224 Cal.Rptr. 626, 715 P.2d 585].) When a particular provision appears in one statute but is omitted from a related statute, the most obvious conclusion from the omission is that a different legislative intent existed. (*Anthony* v. *Superior Court* (1980) 109 Cal.App.3d 346, 356 [167 Cal.Rptr. 246].) On the other hand, an examination of legislative history and the pertinent statutory scheme may suggest that the omission was an oversight.

*People* v. *Hernandez, supra,* 46 Cal.3d 194 is illustrative. In *Hernandez,* the version of section 667.8 in effect when defendant's crime was committed mandated an increased term for a person convicted of a sexual offense who kidnapped the victim for the purpose of committing that offense, but did not require pleading and proof of the section 667.8 violation. Nevertheless, numerous other sentence enhancement provisions included explicit pleading and proof requirements. The Supreme Court emphasized the "inevitable pattern" of the determinate sentencing system, decided that the absence of the requirement in section 667.8 was legislative inadvertence, and read the requirement into the statute. (*Hernandez, supra,* 46 Cal.3d at pp. 200-201, 206; see also *People* v. *Wiley* (1995) 9 Cal.4th 580, 589-590 [38 Cal.Rptr.2d 347, 889 P.2d 541] [discussing *Hernandez*].) The argument that the omission should have been deemed intentional in light of the statutory scheme was unconvincing, because the Legislature had already amended the statute to correct its oversight in direct response to a Court of Appeal decision. (*Hernandez, supra,* at pp. 206, fn. 12, 207.)

Unlike *Hernandez,* in this case both legislative history and the inevitable pattern of the pertinent statutory scheme lead to the conclusion that the omission of a pleading and proof requirement from section 2933.5 was deliberate.

The evolution of a proposed statute after its original introduction in the Senate or Assembly can offer considerable enlightenment as to legislative intent. (*People* v. *Hernandez, supra,* 46 Cal.3d at pp. 202-204; *In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1440 [35 Cal.Rptr.2d 155].) Generally the Legislature's rejection of a specific provision which appeared in the original version of an act supports the conclusion that the act should not be construed to include the omitted provision. (*Central Delta Water Agency* v. *State Water*

*Resources Control Bd.* (1993) 17 Cal.App.4th 621, 632 [21 Cal.Rptr.2d 453]; *Wilson* v. *City of Laguna Beach* (1992) 6 Cal.App.4th 543, 555 [7 Cal.Rptr.2d 848].)

 When the Legislature means for the trial court to make a finding concerning credit, it says so. Section 2900.5, which entitles a defendant to credit against a prison term for pretrial custody and conduct credits, explicitly imposes on the sentencing court the duty to determine the number of days to be credited pursuant to that section. (§ 2900.5, subd. (d).) As originally introduced, section 2933.5 would have obligated the sentencing court to determine ineligibility for credit under its terms as well. That original version provided in pertinent part: "Upon conviction, the sentencing judge shall determine whether a defendant comes within the provisions of this section. If the judge so determines, then no credits shall be given pursuant to Section[s] 2931 or 2933." (Sen. Bill No. 1720 (1989-1990 Reg. Sess.) § 3, (hereafter Sen. Bill No. 1720), as introduced Aug. 21, 1989.) The bill was amended several times and that provision was eliminated before the final form of the bill was enacted. (Sen. Bill No. 1720, as amended Aug. 28, 1990.) When the difference between sections 2900.5 and 2933.5 is considered in light of the latter's legislative history, that difference is persuasive evidence that the Legislature did not intend the determination of ineligibility for credit to be made by the trial court.

Although appellant likens section 2933.5 to statutes imposing sentence enhancements, which do require pleading and proof, the statute instead is an integral part of the elaborate statutory plan concerning sentence reduction credits and must be analyzed in that context. The nature and attributes of that plan, which begins with section 2900, provide important insight into legislative intent about who determines credit ineligibility. Subject to certain statutory limitations, enforcement and administration of the plan is vested in the Department of Corrections (the Department) and its director, not in the trial courts. For example, the Department is charged with enforcement of section 2932, which provides for the forfeiture of credit for misconduct. (See, e.g., § 2932, subd. (c).) Inmates placed in a security housing unit or an administrative segregation unit after an administrative finding of specified misconduct are ineligible for work or good behavior credit while in that unit for that misconduct. (§ 2933.6.) Denial or loss of credit for misconduct is appealable through the Department's review process and by the Board of Prison Terms. (§ 2932, subd. (d).) Forfeited worktime credit may be restored by the director, under regulations adopted by the Department; a finding concerning forfeited credits is appealable through the Department's review procedure. (§ 2933, subd. (c).) Under rules prescribed by the director, a prisoner subject to section 2931 may waive the right to receive time credits

under that section and be subject to the provisions of section 2933. (§ 2934.) The director may grant up to 12 additional months of reduction to a prisoner who has performed a heroic act in a life-threatening situation or who has provided exceptional assistance in maintaining the safety and security of a prison. (§ 2935.) Furthermore, detailed administrative regulations have been promulgated to implement the credit system, including provisions for review of denial of credit. (See, e.g., Cal. Code Regs., tit. 15, §§ 3042 et seq., 3002, 2120.) The only conclusion consistent with this statutory pattern on the matter of credits is that the omission of a pleading and proof requirement from section 2933.5 was deliberate and that the Legislature intended the determination of ineligibility for credit under its terms to be made by the Department, not by the trial court.

Our conclusion about legislative intent is not undermined by section 667, subdivisions (b) through (i), popularly known as the "three strikes" law. That law requires that a defendant's qualifying prior convictions or "strikes" must be pled and proved (§ 667, subds. (c), (e), (f)), and it also includes a provision limiting the sentence reduction credits that defendant may earn to not more than one-fifth of his or her total term. (§ 667, subd. (c)(5).) But the existence of those components in the three strikes law does not suggest that the Legislature's omission of a pleading and proof requirement from section 2933.5 was unintentional. Section 2933.5 deals exclusively with credit ineligibility. In contrast, the limitation on credit in the three strikes law is only one ancillary consequence of sentencing under its terms. Considered in its entirety, the three strikes law obviously falls within the "inevitable pattern" of the determinate sentencing system described in *People* v. *Hernandez, supra*, 46 Cal.3d 194, under which sentence enhancements and additional terms are imposed only after pleading and proof, and it has no bearing on legislative intent underlying section 2933.5.[7]

■ Also significant to our analysis is the principle that the construction of a statute by officials charged with its administration, including their interpretation of the authority invested in them to implement and carry out the statutory provisions, is entitled to great weight by courts unless it is clearly erroneous or unauthorized. (*Mooney* v. *Pickett* (1971) 4 Cal.3d 669, 681 [94 Cal.Rptr. 279, 483 P.2d 1231].) ■ At the Attorney General's request, we have taken judicial notice of Administrative Bulletin No. 93/38 of the Department, issued September 20, 1993, in which the Department has

---

[7] The three strikes law was enacted as urgency legislation in March 1994 and is set forth in section 667, subdivisions (b) through (i). Section 1170.12, approved by the California voters in November 1994, contains almost identical provisions, including a credit limitation provision which appears in section 1170.12, subdivision (a)(5). Our discussion of section 667 applies equally to section 1170.12.

taken the position that priors do not have to be pled and proved under section 2933.5, that the trial court is not required to invoke the provisions of section 2933.5, and that the Department shall administratively apply the statutory provisions, with the inmate entitled to appeal the decision through the administrative appeal process. As we have already noted, section 2933.5 was amended in 1994, after the issuance of this administrative bulletin, to update its definition of rape. (Stats. 1994, ch. 1188, § 18.) That the Legislature did not act at that time to disapprove the Department's interpretation of the statute suggests the interpretation comports with legislative intent.

Our reading of section 2933.5 is dispositive of appellant's argument that we should read a pleading and proof requirement into the statute as a matter of due process. The due process problem in *People* v. *Hernandez, supra,* 46 Cal.3d 194 arose because the trial court imposed an enhanced term under section 667.8 even though no notice was given in the information, the arguments of counsel, or in the evidence produced at trial that defendant faced that charge. The Supreme Court reasoned that imposition of the enhancement required proof of a specific mental state, and the lack of notice may have affected defendant's defense. (*Hernandez, supra,* at pp. 208-209.) But in this case, because it is the Department that will determine appellant's ineligibility for credit pursuant to section 2933.5, it was unnecessary surplusage for the trial court to make a finding on the matter. As the trial court's determination of ineligibility is of no consequence to appellant, the absence of a pleading and proof requirement did not deny him due process.

■ Of course prisoners retain rights under the due process clause, even though not the full range of rights due a defendant in a criminal proceeding. (*Wolff* v. *McDonnell* (1974) 418 U.S. 539, 556 [41 L.Ed.2d 935, 950-951, 94 S.Ct. 2963]; *People* v. *Superior Court (Hamilton)* (1991) 230 Cal.App.3d 1592, 1595 [281 Cal.Rptr. 900].) ■ We emphasize that the administrative procedures utilized by the Department in making an ineligibility determination are not before us in this appeal, and we express no view as to their validity. We emphasize also that the Department's decisions concerning credits are subject to review on habeas corpus, provided the defendant has exhausted his or her administrative remedies. (See, e.g., *In re Randolph* (1989) 215 Cal.App.3d 790 [263 Cal.Rptr. 768]; *In re Carter* (1988) 199 Cal.App.3d 271 [244 Cal.Rptr. 648]; *In re Smith* (1986) 178 Cal.App.3d 32 [223 Cal.Rptr. 478].)

Because we have concluded that the Legislature intended the Department to make the ineligibility determination, we need not consider appellant's contention that the evidence before the trial court was insufficient to support its implied finding that he had two prior convictions of listed offenses for

which he served separate prison terms. We note, however, that he concedes his present conviction of assault by means of force likely to produce great bodily injury, with an enhancement for personal, intentional infliction of great bodily injury, satisfies the first prerequisite of section 2933.5, conviction of a listed felony offense.

## V. *Conduct and Work Credits for Presentence Confinement*

Based on its determination that appellant was ineligible for credit under section 2933.5, the trial court also concluded that he was not entitled to good conduct and worktime credit pursuant to sections 4019 and 2900.5. It noted that but for section 2933.5, appellant would be entitled to 188 days of good conduct and worktime credit in addition to credit for actual time in custody between his arrest and sentencing.

Section 2933.5, subdivision (a) provides in pertinent part: "Notwithstanding any other provision of law, the following persons shall be ineligible to earn credit on their terms of imprisonment *pursuant to this chapter*." (Italics added.) That chapter is chapter 7 of part 3, title 1. ██ Appellant contends that even if section 2933.5 applies to him, it does not bar an award of conduct credit pursuant to section 4019 because the latter section does not appear in the same chapter as section 2933.5; instead, it appears in chapter 1 of part 3, title 4.

We disagree. While section 4019 specifies how presentence conduct and work performance credits are to be calculated, it is section 2900.5 which entitles a defendant to credit against a term of imprisonment for section 4019 credits. Section 2900.5, subdivision (a), provides in pertinent part, "In all felony . . . convictions, . . . when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . all days of custody of the defendant, . . . *including days credited to the period of confinement pursuant to Section 4019*, shall be credited upon his or her term of imprisonment . . . ." (Italics added.) Section 2900.5 is part of the chapter referred to by section 2933.5. Because section 2900.5 incorporates by reference the pretrial credit provisions of section 4019, such credits are necessarily within the scope of the ban of section 2933.5.

██ However, because we have concluded that it is the duty of the Department to determine a defendant's ineligibility for credit under section 2933.5, the trial court's finding that appellant was not entitled to conduct credit pursuant to section 4019 was premature. Section 2900.5, subdivision (d), requires the trial court in imposing sentence to determine the total number of days to be credited pursuant to that section and to include that

information on the abstract of judgment. In this case the abstract of judgment should be modified to indicate that appellant is entitled to 188 days of local conduct credit unless statutorily ineligible for credit pursuant to section 2933.5.

Finally, appellant contends and the Attorney General concedes that he was entitled to 379 days of actual custody credit, not 377 days. We will modify the abstract of judgment to so reflect.

## DISPOSITION

The five-year enhancement for the fifth prior conviction is stricken. The statement that appellant is a person described in Penal Code section 2933.5 is stricken. The judgment is modified to (1) credit appellant with 379 days of actual local time instead of 377; and (2) state that appellant is entitled to 188 days of local conduct credit unless he is determined by the Department of Corrections to be statutorily ineligible to earn credit pursuant to Penal Code section 2933.5. As modified, the judgment is affirmed.

Newsom, J., and Stein, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 16, 1995.