# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

MAURICE WALKER,
Defendant and Appellant.

S278309

Second Appellate District, Division Two
B319961

Los Angeles County Superior Court
BA398731

August 15, 2024

Justice Groban authored the opinion of the Court, in which Chief Justice Guerrero and Justices Liu, Kruger, Jenkins, and Evans concurred.

Justice Corrigan filed a concurring opinion.

PEOPLE v. WALKER

S278309

Opinion of the Court by Groban, J.

Penal Code[1] section 1385, subdivision (c)(2), as added by Senate Bill No. 81 (Stats. 2021, ch. 721, § 1), provides that a sentencing court "[i]n exercising its discretion" to dismiss a sentencing enhancement "shall consider and afford great weight to evidence offered by the defendant to prove" certain enumerated mitigating circumstances, and "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The Second District Court of Appeal below "conclude[d] that section 1385's mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement *unless* the court finds that dismissal of that enhancement . . . would endanger public safety." (*People v. Walker* (2022) 86 Cal.App.5th 386, 391, italics added (*Walker*).) The Sixth District subsequently disagreed, concluding instead that section 1385, subdivision (c)(2) does not preclude a trial court from relying on countervailing aggravating factors, apart from a danger to public safety, to uphold an enhancement, despite the presence of one or more mitigating circumstances. (See *People v. Ortiz*

_____

[1] All further undesignated statutory references are to the Penal Code.

(2023) 87 Cal.App.5th 1087, 1098 (*Ortiz*).)[2] More specifically, it found that absent a finding that dismissal would endanger public safety, a court is required to engage "in a holistic balancing *with special emphasis* on the [nine] enumerated mitigating factors," in which those mitigating factors weigh "strongly in favor of . . . dismissal." (*Id.* at p. 1096, italics added.) We granted review to resolve this conflict.

Both parties now agree that the Court of Appeal below misinterpreted section 1385, subdivision (c)(2)'s "great weight" language as imposing a rebuttable presumption, but they diverge on the proper construction of that phrasing and its impact on a trial court's authority under section 1385, subdivision (c). We conclude that the plain language of section 1385, subdivision (c)(2) contemplates that a trial court will exercise its sentencing discretion in a manner consistent with the *Ortiz* court's understanding. Specifically, absent a finding that dismissal would endanger public safety, a court retains the

---

**2** The Court of Appeal in *Ortiz* assumed without deciding that section 1385, subdivision (c)'s mitigating factors and " 'great weight' " language applied to the trial court's decision whether to dismiss a prior strike conviction. (*Ortiz, supra,* 87 Cal.App.5th at p. 1095; see *id.* at p. 1095, fn. 3.) This assumption has since been rejected by other Courts of Appeal, which have concluded that section 1385, subdivision (c), by its terms, only applies to enhancements and not the Three Strikes law, which is an alternative sentencing scheme. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244 ["The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement"]; accord, *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1154; *People v. Dain* (2024) 99 Cal.App.5th 399, 404; *People v. Olay* (2023) 98 Cal.App.5th 60, 69.) We do not address this distinct question of statutory interpretation, which is not before us.

discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. (See *Ortiz*, *supra*, 87 Cal.App.5th at p. 1098.) In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that "may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*Ibid.*) Nevertheless, since the Court of Appeal upheld the trial court's refusal to dismiss defendant's enhancement under a presumption in favor of dismissal that could only be overcome by a finding that dismissal endangered public safety, defendant fails to persuade us that he is entitled to any relief under our less restrictive interpretation of a trial court's authority pursuant to section 1385, subdivision (c)(2). We therefore affirm the judgment of the Court of Appeal.

## I. FACTS AND PROCEDURAL HISTORY

In June 2012, defendant Maurice Walker blocked a woman's path as she left her Los Angeles apartment. The pair began to argue and defendant struck the woman in the mouth with his elbow. When a 78-year-old man tried to intervene, defendant stabbed him in the arm with a knife. (*Walker*, *supra*, 86 Cal.App.5th at p. 392.)

Defendant was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)), elder abuse (§ 368, subd. (b)(1)), and misdemeanor battery (§ 242). The jury also found true enhancement allegations that defendant personally used a

deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury on a person 70 years of age or older (§ 12022.7, subd. (c)). Defendant admitted that he had suffered two prior strike convictions (§§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d)), as well as a prior serious felony conviction (§ 667, subd. (a)(1)), and he had served two prior prison terms (§ 667.5, subd. (b)).

In November 2012, after dismissing one of defendant's two strikes, the trial court sentenced defendant to an aggregate determinate term of 20 years in prison. The sentence consisted of the upper term of four years (doubled to eight years under the Three Strikes law) for assault with a deadly weapon, consecutive to five years for the great bodily injury enhancement, five years for the prior serious felony enhancement, and one year each for the two prior prison term enhancements. The Court of Appeal affirmed the judgment and sentence. (*People v. Walker* (Feb. 24, 2014, B245405) [nonpub. opn.].)

In a 2017 habeas proceeding, the trial court struck one of defendant's prior prison term enhancements, reducing his sentence to 19 years.

In a separate 2018 habeas proceeding, defendant successfully sought relief from his only remaining prior prison term enhancement, and the matter was remanded for the trial court to consider "whether to conduct a full resentencing." (*People v. Walker* (2021) 67 Cal.App.5th 198, 208; see *id.* at p. 204 [citing our opinion in *People v. Buycks* (2018) 5 Cal.5th 857, 893 for its statements regarding the "full resentencing" rule].) While that matter was still pending, Senate Bill No. 81 (Stats. 2021, ch. 721, § 1) added subdivision (c) to section 1385,

effective January 1, 2022, allowing the trial court to dismiss any enhancement "in the furtherance of justice" (§ 1385, subd. (c)(1)) unless otherwise prohibited, and providing that nine enumerated mitigating circumstances (two of which apply to defendant — section 1385, subdivision (c)(2), subparagraphs (B) [multiple enhancements alleged] and (H) [prior conviction over five years old]) "weigh[] greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).)[3] Defendant filed a motion for resentencing in the trial court, seeking, inter alia, that "[a]t least one five-year enhancement . . . be dismissed because there are two mitigating factors justifying dismissal." The People opposed defendant's motion.

In April 2022, the trial court conducted a full resentencing hearing, agreeing with defendant that the Court of Appeal intended for the court to "consider . . . the law as it is now[.]" The trial court declined to exercise its discretion under section 1385, as amended by Senate Bill No. 81, to dismiss defendant's enhancements. The trial court stated in part, "I don't find it's in the interest of justice to — despite the new law under 1385 to

---

[3] The mitigating circumstances originally were listed under subdivision (c)(3) of section 1385. (§ 1385, former subd. (c)(3)(A)–(I); Stats. 2021, ch. 721, § 1.) Effective June 30, 2022, Assembly Bill No. 200 (2021–2022 Reg. Sess.) amended the statute to list them under section 1385, subdivision (c)(2), as cited herein. (Stats. 2022, ch. 58, § 15.) The Legislature also recently made nonsubstantive changes to section 1385 as part of a code maintenance bill. (Stats. 2023, ch. 131, § 160, eff. Jan. 1, 2024.)

dismiss these enhancements, even though there are multiple enhancements in this case."[4]

Defendant appealed, asserting that the trial court's decision not to strike his five-year prior serious felony enhancement "cannot be reconciled with section 1385," as amended by Statutes 2021, chapter 721, section 1. In the published portion of its opinion, the Court of Appeal below rejected defendant's claim. We granted review limited to the following question: "Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" The answer to this question has divided the Courts of Appeal. (Compare *Walker*, *supra*, 86 Cal.App.5th at p. 391 with *Ortiz*, *supra*, 87 Cal.App.5th at p. 1095; see also *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1050–1052 [agreeing with *Ortiz*].)

## II. DISCUSSION

### A. Amended Section 1385 Does Not Create a Rebuttable Presumption

We begin our analysis of the question before us by consulting well-known precepts of statutory interpretation. "The proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to

---

[4] The trial court struck defendant's remaining prior prison term enhancement and granted relief pursuant to section 1170, subdivision (b), resentencing defendant to an aggregate, determinate term of 16 years in prison.

determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " ' " ' "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." ' " ' " (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190.) " 'Generally, we consult extrinsic sources, like a statute's history, to interpret a statute only when its language is ambiguous.' " (*People v. Prudholme* (2023) 14 Cal. 5th 961, 976.)

Section 1385, subdivision (c)(1), as added by Senate Bill No. 81, provides that "[n]otwithstanding any other law, the court *shall dismiss an enhancement if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute." (Italics added.) Section 1385, subdivision (c)(2) provides in pertinent part, "*In exercising its discretion under this subdivision*, the court shall consider and *afford great weight* to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances *weighs greatly in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety." (Italics added.)

The Court of Appeal below interpreted section 1385, subdivision (c)(1) and (2)'s "provisions [to] dictate that trial

courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety.' " (*Walker*, *supra*, 86 Cal.App.5th at p. 398.) In other words, the enumerated mitigating circumstances essentially dictate that dismissal will be "in the furtherance of justice" absent a finding that dismissal endangers public safety. (§ 1385, subd. (c).)

The plain text of section 1385, subdivision (c) belies the Court of Appeal's reading. The second sentence of section 1385, subdivision (c)(2) provides that "[p]roof of the presence of one or more of these circumstances *weighs greatly in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety." (Italics added.) If the Legislature envisioned a rebuttable presumption, it could have said so by expressly saying that the presence of a mitigating circumstance "*creates a presumption in favor of* dismissing the enhancement, unless . . . ." (Cf. § 194 ["there shall be a rebuttable presumption"]; Fam. Code, § 3044, subd. (a) ["there is a rebuttable presumption"]; Veh. Code, § 23152, subd. (b) ["it is a rebuttable presumption"].) It did not. Notably, the preceding subsection of subdivision (c) states that "the court shall dismiss an enhancement *if* it is in the *furtherance of justice to do so*." (§ 1385, subd. (c)(1), italics added.) Subdivision (c)(2) thereafter begins, "*[i]n exercising its discretion under this subdivision*, the court shall consider and afford great weight to evidence offered by the defendant to prove . . . any of the mitigating circumstances[.]" (§ 1385, subd. (c)(2), italics added.) Looking at subsection (2) of subdivision (c) sequentially, it is clear that the structure does not "presume"

8

(*Walker*, *supra*, 86 Cal.App.5th at p. 398) an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement" (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1098) and this "furtherance of justice" (§ 1385, subd. (c)(1)) inquiry requires a trial court's ongoing exercise of "discretion" (*id.*, subd. (c)(2)). Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances "long deemed essential to the 'furtherance of justice' inquiry." (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1099; see also Cal. Rules of Court, rules 4.421 (circumstances in aggravation); 4.423 (circumstances in mitigation); Advisory Committee comment to rule 4.428 ["Case law suggests that in determining the 'furtherance of justice' the court should consider . . . the factors in aggravation and mitigation including the specific factors in mitigation of section 1385(c); and the factors that would motivate a 'reasonable judge' in the exercise of their discretion"].)

Thus, the plain language of section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety. We emphasize, however, that, in most cases, "if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice," notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2). (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 297, fn. 6.)

Moreover, we observe that the legislative history of Senate Bill No. 81 is consistent with our conclusion. The Legislature

rejected initial versions of Senate Bill No. 81 that would have created "a presumption that it is in the furtherance of justice to dismiss an enhancement in specified circumstances" that could "only [be] overcome upon a showing by clear and convincing evidence that dismissal of the enhancement would endanger public safety." (See Sen. Amends. to Sen. Bill No. 81 (2021–2022 Reg. Sess.) March 23, 2023; Apr. 8, 2021; Apr. 27, 2021.) " 'Generally the Legislature's rejection of a specific provision which appeared in the original version of an act supports the conclusion that the act should not be construed to include the omitted provision.' " (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532, citing to *People v. Goodloe* (1995) 37 Cal.App.4th 485, 491.)

In sum, the Court of Appeal erred by concluding that section 1385, subdivision (c)(2) creates a rebuttable presumption in favor of dismissing an enhancement that can only be overcome by a finding that dismissal endangers public safety.

### B. Meaning of "Great Weight" and "Weighs Greatly"

Having concluded that subdivision (c)(2) of section 1385 does not create a rebuttable presumption, we now proceed to consider what it means for a mitigating circumstance to "weigh[] greatly in favor" (§ 1385, subd. (c)(2)) of dismissal. Looking at section 1385, subdivision (c)(2)'s text, the "great weight" language appears in the first sentence. It provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight *to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present.*" (§ 1385, subd. (c)(2), italics added.) The phrase "great weight" in this sentence refers to "the trial court's evaluation of the defendant's evidence in the first

instance." (*Ortiz, supra*, 87 Cal.App.5th at p. 1098.) The second sentence of section 1385, subdivision (c)(2) dictates that a proven mitigating circumstance "*weighs greatly in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2), italics added.)

The *Ortiz* court stated that section 1385, subdivision (c)(2)'s mandate to give "great weight" to enumerated mitigating circumstances requires a sentencing court to "engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors." (*Ortiz, supra*, 87 Cal.App.5th at p. 1096, italics added.) *Ortiz* concluded the trial court properly "weighed the mitigating factor *strongly in favor* of granting the requested dismissal. . . ." (*Ibid.*, italics added.) Relying in large part on the reasoning of *Ortiz*, the People similarly urge "that a trial court should give certain mitigating factors increased significance and importance in the overall balancing of factors for the court's ultimate exercise of discretion under section 1385." Defendant, by contrast, asserts that "great weight" must be defined in a manner consistent with our definition of that same phrase in *People v. Martin* (1986) 42 Cal.3d 437, 448 (*Martin*). More precisely, a court *must dismiss* an enhancement when an enumerated mitigating circumstance is present "in the absence of 'substantial evidence of countervailing considerations of sufficient weight *to overcome* the recommendation." (*Id.* at p. 447, italics added.)[5] We conclude that the plain language of

---

[5] As noted (see *ante*, at p. 5), two mitigating factors apply to defendant, those in section 1385, subdivision (c)(2), subparagraphs (B) (multiple enhancements) and (H) (prior

section 1385, subdivision (c)(2) establishes a standard consistent with *Ortiz*'s understanding.

The most pivotal phrase to a trial court's evaluation of the enumerated mitigating circumstances is "weighs greatly," as found in the second sentence of section 1385, subdivision (c)(2). Absent "a specific statutory definition of [that phrase,] we may 'look to [its] plain meaning . . . as understood by the ordinary person, which would typically be a dictionary definition.'" (*In re M.A.* (2022) 83 Cal.App.5th 143, 150.) The transitive verb "weigh" is defined as "to consider carefully especially by balancing opposing factors or aspects in order to reach a choice or conclusion." (Merriam-Webster Dict. Online (2024) <http://www.merriam-webster.com/dictionary/weighs> [as of August 15, 2024]; all Internet citations in this opinion are archived by year, docket number and case name at <http://www.courts.ca.gov/38324.htm>.) As an intransitive verb, "weigh" means "to merit consideration as important." (*Ibid.*; see also Oxford English Dict. Online (2024) <https://www.oed.com/dictionary/weigh_v1?tab=meaning_and_use#14844986> [as of August 15, 2024] ["[t]o pay heed or deference to"].) "Greatly" is defined as "to a great extent or degree: very much" (Merriam-Webster Dict. Online, *supra*, <http://www.merriam-webster.com/dictionary/greatly> [as of

---

conviction over five years old). Subdivision (c)(2)(B) provides that when "[m]ultiple enhancements are alleged in a single case . . . all enhancements beyond a single enhancement *shall* be dismissed." (Italics added.) Defendant does not make any assertion, nor did he before the Court of Appeal, that subdivision (c)(2)(B)'s "shall be dismissed" language entitles that mitigating circumstance to a different construction than the others, and we have no occasion to consider that question here.

August 15, 2024]) and "extensively, exceedingly; highly; much, very" (Oxford English Dict. Online, *supra*, <https:// www.oed.com/dictionary/greatly_adv?tab=meaning_and_use#2 410970> [as of August 15, 2024].) These definitions, e.g., "to consider carefully," "to a great extent," "extensively, exceedingly; highly," all assist in the understanding of the phrase "weighs greatly."

The *Ortiz* court's understanding that a trial court must "engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors," in which the mitigating factors weigh "strongly in favor of . . . dismissal" (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1096, italics added), adheres to these dictionary definitions, as does the People's *Ortiz*-derived assertion that mitigating circumstances are entitled to "increased significance and importance in the [court's] overall balancing of factors" under section 1385. Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that "may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1098.)

We also emphasize that, as noted, there must be substantial, relevant, and credible evidence of aggravating factors to neutralize the "great weight" of the mitigating

circumstances. (Cf. § 1385, subd. (c)(5), (c)(6)(A)–(B) [referencing "any relevant and credible evidence" as properly considered to support a trial court's findings related to the mitigating circumstances in subdivision (c)(2)(D)–(E)]; see also *People v. Jones* (1990) 51 Cal.3d 294, 314 ["substantial evidence" means evidence that is "reasonable, credible, and of solid value"].) Without credible evidence to support findings on aggravating circumstances, judges could disregard mitigating factors without a proper basis for doing so. This would be incompatible with the "great weight" the Legislature has attached to the enumerated mitigating circumstances.[6]

Defendant argues that the People's proposed construction of section 1385, subdivision (c)(2)'s language (and, by extension *Ortiz*'s definition) "is too vague to provide the clear guidance the Legislature intended to give trial courts." We disagree. Senate Bill No. 81's addition of a list of nine mitigating factors to section 1385, subdivision (c)(2)(A)–(I), which sentencing courts must "weigh[] greatly," provides explicit guidance to sentencing

---

[6]     We also underscore that section 1385 expressly requires a statement of reasons for a dismissal. (See § 1385, subd. (a).) As we have previously explained, "a requirement of articulated reasons to support a given decision serves a number of interests. In the first place, . . . the statement of such reasons will frequently be essential to any meaningful review of the decision. Secondly, a requirement of articulated reasons acts as an inherent guard against the careless decision, [e]nsuring that the judge himself analyzes the problem and recognizes the grounds for his decision. Finally, articulated reasons aid in preserving public confidence in the decision-making process 'by helping to persuade the parties [and the public] that . . . decision-making is careful, reasoned and equitable.' [Citation.]" (*In re Podesto* (1976) 15 Cal.3d 921, 937.) A statement of reasons in this context serves these same interests.

courts that did not previously exist. For example, the statute now specifically instructs trial courts to consider in mitigation factors such as whether the current offense was "connected to mental illness" (§ 1385, subd. (c)(2)(D)) or "prior victimization or childhood trauma" (*id.*, subd. (c)(2)(E)); whether "[t]he current offense is not a violent felony as defined in subdivision (c) of Section 667.5" (*id.*, subd. (c)(2)(F)); and whether the current offense was committed when "[t]he defendant was a juvenile" (*id.*, subd. (c)(2)(G)). Thus, by its very terms, section 1385, subdivision (c) provides trial courts with clear direction, without the need to import an extratextual definition from *Martin*, *supra*, 42 Cal.3d at page 447.[7]

---

[7] As defendant did in the Court of Appeal, in support of his position that *Martin*'s language should be imported into section 1385, subdivision (c)(2), defendant relies on a post-enactment letter from the author of Senate Bill No. 81 referencing *Martin*. In her letter to the Secretary of the Senate dated September 10, 2021, the day after Senate Bill No. 81 passed its final vote in the Senate and was ordered for enrolling and presentation to the Governor (Senate Bill No. 81 was approved by the Governor on October 8, 2021), Senator Nancy Skinner wrote in part, "I wish to clarify that in establishing the 'great weight' standard in SB 81 for imposition or dismissal of enhancements [Penal Code §1385(c)(2)] *it was my intent that this great weight standard be consistent with the case law in* [sic] *California Supreme Court in People v. Martin, 42 Cal.3d 437 (1986)."* (Sen. Nancy Skinner, letter to Sec. of the Sen. (Sept. 10, 2021) 121 Sen. J. (2021–2022 Reg. Sess.) pp. 2638–2639, italics added.) We agree with the Court of Appeal that the singular reference to *Martin* in Senator Skinner's letter, which expressed her individual intent ("my intent") *after* the passage of Senate Bill No. 81, need not be considered because there is no indication the Legislature as a whole intended to incorporate *Martin*'s "great weight" standard into section 1385, subdivision (c)(2) when it adopted Senate Bill

Defendant also worries that endorsing *Ortiz's* holistic understanding of "great weight" (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1098) will not give section 1385, subdivision (c)(2) sufficient force. We again disagree. The standard we adopt today is not without teeth. We recognize that the Legislature, in enacting Senate Bill No. 81, expressed concern that the prior version of section 1385 may be " 'underused' " and greater guidance " 'would provide . . . reductions in unnecessary incarceration' " and counter " 'demographic disparities in sentences.' " (Assem. Com. on Public Safety, Analysis of Senate Bill No. 81 (2021–2022 Reg. Sess.) June 29, 2021, at pp. 3–4, quoting Com. on Revision of the Penal Code, Annual Report and Recommendations (2020) pp. 40–41 <http://www.clrc.ca.gov/CRPC/Pub/Reports/CRPC_AR2020.pdf> [as of August 15, 2024].) We also note, as did the Attorney General at oral argument, that the nine mitigating factors, in and of themselves, provide benefits to defendants that did not previously exist. For example, the presence of multiple enhancement allegations in a single case (§ 1385, subd. (c)(2)(B)) or the fact that "an enhancement could result in a sentence of over 20 years" (*id.*, subd. (c)(2)(C)) might well have previously been envisioned by trial courts as either neutral or even *aggravating* factors, but they now constitute *mitigating* factors for purposes of sentencing. Finally, the standard we set out today itself gives force to the "great weight" standard: Pursuant

No. 81. (See *Walker*, *supra*, 86 Cal.App.5th at p. 400; see also *People v. Wade* (2016) 63 Cal.4th 137, 143 [" '[T]he statements of an individual legislator, including the author of a bill, are generally not considered in construing a statute, as the court's task is to ascertain the intent of the Legislature as a whole in adopting a piece of legislation' "].)

to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that "may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*Ortiz, supra,* 87 Cal.App.5th at p. 1098.)

## C. *We Need Not Remand Defendant's Case for Reconsideration*

Having clarified how a trial court should exercise its authority under section 1385, subdivision (c)(2), we now consider what effect, if any, our clarification of what it means for an enumerated mitigating circumstance to "weigh[] greatly" in favor of dismissal has here. Despite disagreeing with the Court of Appeal's construction of section 1385, subdivision (c)(2), the People ask us to affirm its decision. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976 [" ' "No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason" ' "].) Defendant asks us to reverse and remand so that "the Court of Appeal can reevaluate whether the trial court properly applied the correct 'great weight' standard." However, here, where the Court of Appeal upheld the trial court's refusal to dismiss defendant's prior serious felony enhancement under a presumption in favor of dismissal that could only be overcome by a finding that

dismissal would endanger public safety, defendant fails to persuade he is entitled to any relief under our less restrictive understanding of a trial court's authority pursuant to section 1385, subdivision (c)(2).  We therefore affirm.

### III.   CONCLUSION

We affirm the judgment of the Court of Appeal.


**GROBAN, J.**

**We Concur:**

**GUERRERO, C. J.**
**LIU, J.**
**KRUGER, J.**
**JENKINS, J.**
**EVANS, J.**

PEOPLE v. WALKER

S278309


Concurring Opinion by Justice Corrigan


I concur in the judgment of the court and write separately to make one point of clarification. The majority opinion properly concludes the language of Penal Code section 1385, subdivision (c)(2) does not create a rebuttable presumption in favor of dismissal or require that evidence of specified mitigating circumstances may only be overcome by a finding that dismissal would endanger public safety. However, in describing what it means to "afford great weight" to mitigating evidence and how such evidence "weighs greatly in favor of" dismissal, the majority opinion states that "the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors . . . ." (Maj. opn., *ante*, at p. 3; see *id.* at pp. 13, 17.) This formulation could be misunderstood to create confusion on the very point we granted review to clarify: whether the statutory language creates a rebuttable presumption in favor of dismissing an enhancement. As the majority opinion properly observes, "[U]ltimately, the court must determine whether dismissal is in furtherance of justice." (*Id.* at p. 13.) That determination remains in the discretion of the trial court after giving great weight to the presence of mitigating factors.

*People v. Ortiz* (2023) 87 Cal.App.5th 1087 acknowledged that " '[g]enerally applicable sentencing principles' relevant to a court's determination of whether dismissal is in furtherance of

1

justice 'relat[e] to matters such as the defendant's background, character, and prospects,'" and "[t]hose principles require consideration of circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing . . . ." (*Id.* at p. 1097.) *Ortiz* reasoned that nothing in the language of Penal Code section 1385, subdivision (c) "supplanted rather than supplemented the factors . . . long deemed essential to the 'furtherance of justice' inquiry." (*Ortiz*, at p. 1099.) Thus, a trial court may properly decline to dismiss an enhancement in furtherance of justice if it "engage[s] in a holistic balancing with special emphasis on the enumerated mitigating factors" (*id.* at p. 1096) and "acknowledge[s] [their] great weight but determine[s] that other factors were collectively weightier" (*id.* at p. 1099). The majority opinion has properly concluded that "the plain language of section 1385, subdivision (c)(2) establishes a standard consistent with *Ortiz*'s understanding." (Maj. opn., *ante*, at pp. 11–12.) With that clarification, I concur in the court's opinion.


**CORRIGAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Walker

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 86 Cal.App.5th 386
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S278309
**Date Filed:** August 15, 2024

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** David R. Fields

_____

**Counsel:**

Jason Szydlik, under appointment by the Supreme Court, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Eric J. Kohm, Chung L. Mar and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Jonathan Soglin, William M. Robinson; and Stephen K. Dunkle for First District Appellate Project and California Attorneys for Criminal Justice as Amici Curiae.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Jason Szydlik
Law Offices of Jason Szydlik
5758 Geary Boulevard, #246
San Francisco, CA 94121
(415) 750-9900

Christopher G. Sanchez
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 269-6626