Filed 10/11/24  P. v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084672 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI23000814) |
| KARDELL JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Miriam I. Morton, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Kardell Jones of battery on a person with whom he had a dating relationship (Pen. Code, § 243, subd. (e)(1)) and another count.

Jones appeals the battery conviction, arguing the trial court prejudicially erred when it permitted certified conviction records—as opposed to live testimony—of Jones' other acts of domestic violence as propensity evidence under Evidence Code section 1109. Although Jones contends *People v. Robinson* (2024) 99 Cal.App.5th 1345, 1356, was "wrongly decided," we agree with its reasoning and holding that "evidence" in section 1109 includes certified conviction records. We affirm by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-855.)

## I.

Section 1109 "carved out specific exceptions to the ban on propensity evidence" for defendants charged with domestic violence. (*People v. Merchant* (2019) 40 Cal.App.5th 1179, 1192.) For those defendants, "evidence" of their other acts of domestic violence is admissible to establish a propensity for domestic violence subject to balancing its probative value under section 352. (Evid. Code, § 1109(a).) "The statute reflects the Legislature's determination that in domestic violence cases, similar prior offenses are uniquely probative of a defendant's guilt on a later occasion." (*Merchant*, at p. 1192.)

We review the admission of evidence under section 1109 for abuse of discretion (*People v. Johnson* (2010) 185 Cal.App.4th 520, 531) and questions of law de novo (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712).

## II.

## A.

*Robinson* examined the exact question before us—whether certified conviction records can be used as evidence of other domestic violence under section 1109—and answered it in the affirmative. (*Robinson*, 99 Cal.App.5th at p. 1356.) It agreed with *People v. Wesson* (2006) 138 Cal.App.4th 959,

2

which addressed the same issue of documentary evidence versus live testimony under section 1108—which similarly allows propensity evidence of other sexual offenses where the defendant is charged with a sexual offense. (*Robinson,* at p. 1356.) *Robinson* noted that both sections use "the broader word 'evidence' rather than the narrower word 'testimony.'" (*Ibid.*) "Evidence" includes "writings." (*Id.* at pp. 1355-1356; § 140.) Certified records of conviction are writings and thus are evidence. (*Robinson*, at p. 1356.) And under section 452.5, an "official record of conviction certified" is admissible to prove the commission of a criminal offense or other act in the record. (§ 452.5(b)(1).) Thus, "a trial court does not abuse its discretion when it permits the prosecution to introduce evidence of a prior domestic violence conviction under section 1109 through a certified record of conviction, rather than through live testimony by the alleged victim." (*Robinson*, at p. 1356.)

B.

Jones offers four reasons why we "should not follow the holdings" in *Robinson* and *Wesson*. None persuades us.

First, relying on the legislative history for section 452.5, Jones contends "the Legislature did not intend to permit the admission of certified conviction records to prove up a prior bad act in a domestic violence case." We start with the words of the statute itself, as they are often "the best indicator of the lawmakers' intent." (*People v. Goodloe* (1995) 37 Cal.App.4th 485, 490.) "If those words are clear and unambiguous, we may not modify them to accomplish a purpose not apparent on the face of the statute or from its legislative history." (*Id.* at pp. 490-491.)

"Here, the language of Evidence Code section 452.5, subdivision (b) is clear and unambiguous." (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461.) By its terms, "a certified official record of conviction is admissible to

3

prove not only the *fact* of a conviction, but also that the offense reflected in the record occurred." (*Ibid.*) Indeed, the legislative history Jones cites explains that "[t]his bill . . . would authorize the admission in evidence of these records to prove specified facts." (Legis. Counsel's Dig., Assem. Bill No. 1387 (1995-1996 Reg. Sess.), Stats. 1996, ch. 642, § 3.) So using certified conviction records as evidence of prior domestic violence falls squarely within section 452.5's express purpose.

Second, because section 1109(b) requires the prosecutor to "disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered," Jones claims it "anticipates the admission of prior act evidence through live testimony from witnesses, not through the use of documentary evidence." Yet as the People note, the list of items that must be disclosed under subdivision (b) is not exhaustive because it is preceded by the word "included," which "is ordinarily a word of enlargement and not of limitation." (*People v. Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 639.) Nor does section 1109 limit the type of "evidence" that may be used.

Third, Jones concedes the term "evidence" includes "writings" (§ 140), yet seems to suggest the certified conviction records here were still inadmissible because he objected to them as unduly prejudicial under section 352. The trial court, however, expressly considered section 352 when it ruled that "[b]oth convictions can come in" but without "any discussion as to who the victims of those cases are." Notably, Jones appeals only the use of certified conviction records over live testimony—not the court's section 352 analysis. While we agree not all "evidence" is admissible, (Cal. Law Revision Com. com., § 140), Jones does not convince us the certified conviction records here were inadmissible on this basis.

4

Fourth, Jones argues section 1109 cannot have "meant for prosecutors to be able to prove up prior act evidence" through certified conviction records because then "there would be no need to instruct jurors with CALCRIM No. 852A." CALCRIM No. 852A is the jury instruction used for section 1109 evidence. Jones declares CALCRIM No. 852A "irrelevant" because it requires the People to prove the other domestic violence by a preponderance of the evidence, but certified conviction records show that the defendant "absolutely, and beyond a reasonable doubt, committed the prior act of domestic violence."

This argument, however, relies on an overly narrow reading of the instruction. Section 1109 and CALCRIM No. 852A contemplate all types of "evidence" being used to prove other domestic violence, some of which would need to be proved by a preponderance of the evidence. And in all cases, the instruction is still relevant to explain that, if the People meet that burden, jurors "may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence and, based on that decision, also conclude that the defendant was likely to commit [and did commit]" the charged domestic violence offense. (CALCRIM No. 852A.) That conclusion, however, "is only one factor to consider" and "is not sufficient by itself" to prove the defendant's guilt; the People must still prove the charge "beyond a reasonable doubt." (*Ibid.*) CALCRIM No. 852A thus remains relevant to explain how jurors may—but are not required to—use the evidence and to emphasize the burden remains with the People to prove the charged offense beyond a reasonable doubt.

In sum, we decline to part ways with *Robinson* and *Wesson* and instead apply their holdings here. As a result, we conclude the trial court did not err when it ruled the certified conviction records were admissible evidence under

5

section 1109.  And because we find no error, we need not reach Jones' prejudice arguments.

III.

We affirm.

CASTILLO, J.

WE CONCUR:


KELETY, Acting P. J.


RUBIN, J.

6